Ex parte Joel DAVILA, Relator.

No. C–5397.

Supreme Court of Texas.

Oct. 22, 1986.

Dan R. Price, Kazen & Price, Austin, for relator.

Jane Brasch, Ferrero, Brasch, Friebels & Mardis, and Noe Nobles, Harlingen.

## ORIGINAL HABEAS CORPUS PROCEEDING

PER CURIAM.

This is a habeas corpus proceeding. Relator, Joel Davila, was held in contempt for failure to pay $28,000 in medical expenses for his child. As punishment, he was assessed a term of 120 days in the county jail, and was further ordered confined until he paid the entire amount of $28,000. Relator unsuccessfully sought habeas relief in the court of appeals, 709 S.W.2d 15, presenting only two points before that court as grounds for discharging him from custody. Relator then filed an application for writ of habeas corpus in this court, alleging fifteen additional grounds. Because we hold that Davila could not properly be held in contempt for the entire sum of $28,000, we grant the writ of habeas corpus, and without hearing oral argument, order Davila discharged.

On November 26, 1975, Davila was divorced and ordered to pay child support. The award of child support was later modified in an order signed October 7, 1985. This order provided:

> IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED that child support be increased to Thirty ($30.00) per week for [the child] and in addition thereto, all sums expended for her continuing care at Charter Palms Hospital including, but not limited to, all prescription drugs, therapy, doctors' charges and hospital charges. Said increased payments should be made directly to the hospital, the doctor, or the pharmacy no later than ten (10) days following the mailing of the statement.

. . . . .

At the time the order was signed, the child was undergoing periodic psychological and psychiatric out-patient treatment at Charter Palms Hospital. She was subsequently admitted to Charter Palms Hospital, incurring over $28,000 in medical charges by the time of the contempt hearing.

On November 26, 1985, the mother of the child filed the motion for contempt leading to these proceedings, alleging that Davila had failed to pay the hospital as ordered and was then in arrears in the amount of $5,147.10. The hearing on the motion for contempt was not held until January 13, 1986. Testimony by a hospital administrative employee showed that a series of bills had been sent, for steadily increasing amounts, beginning with an October 28,

1985 bill for $4,050.45. By the December 24, 1985 bill, the amount had grown to $23,836.55. The last bill, including the period from December 23, 1985 to January 5, 1986, was for $28,436.75. The hospital employee first testified to the effect that this last "complete billing" had not been sent at the time of the hearing, but later stated that the bill had probably been sent on January 7, 1986. The order adjudging Davila in contempt was signed January 13, 1986.

The judgment of contempt found Davila in contempt for failure to pay a lump sum of $28,000 in medical expenses. As Davila points out, only the January 7, 1986 statement would support finding a lump sum arrearage of $28,000. Yet, by the terms of the October 7, 1985 modification order, Davila was allowed ten days from the mailing of that bill, or until January 17, 1986, to pay. Thus, on January 13, 1986, the date of the contempt hearing and judgment, Davila could not be in contempt for failure to pay the January 7, 1986 statement. As this court has previously held, a judgment of contempt without support in the evidence is void and may be attacked and set aside even in a collateral proceeding. *Ex parte Bethurum*, 153 Tex. 563, 272 S.W.2d 85 (1954). *See also Ex parte White*, 154 Tex. 126, 274 S.W.2d 542 (1955).

While questions of the adequacy of the show cause notice to Davila exist, we express no opinion on this or on whether the judgment of contempt would have been valid if based on Davila's prior failures to pay the steadily increasing hospital bills. The order adjudging Davila in contempt makes no reference to any prior occasions when Davila failed to comply with the court's order. Nor does the order make any attempt to assess separate penalties for each separate contemptuous act. The judgment simply focuses on Davila's failure to pay a lump sum of $28,000 and assesses one penalty. The order also provides that Davila must pay the entire amount of $28,000 in order to purge himself of contempt. Since this lump sum plainly includes amounts which could not be the basis of a contempt finding at the time of the hearing, the entire judgment is tainted. If one punishment is assessed for multiple acts of contempt, and one of those acts is not punishable by contempt, the entire judgment is void. *Ex parte Lee*, 704 S.W.2d 15 (Tex.1986).

In view of our conclusions on this point, we need not reach Davila's other arguments. Based on *Bethurum* and *Lee*, we hold that Davila could not be held in contempt for failure to pay $28,000 in overdue medical expenses and required to pay the entire amount as a prerequisite for purging himself of contempt. Because the contempt judgment conflicts with those decisions, we have reviewed Davila's petition without hearing oral argument. *See Ex parte Carey*, 704 S.W.2d 13 (Tex.1986). We order Davila discharged from custody.