PER CURIAM.
 

 Relator in this habeas corpus proceeding challenges his confinement in Collin County jail for failure to pay child support and past-due property taxes in accordance with a final divorce decree. We ordered the relator released on bond pending our consideration of his petition for writ of habeas corpus. We conclude that the relator’s confinement for failure to pay property taxes constituted imprisonment for a debt in violation of article I, section 18 of the Texas Constitution, and that the trial court’s commitment order is void. Accordingly, we grant the writ of habeas corpus and order the relator discharged.
 

 Paul Edward Henry and Dawn Henry were divorced in November 1997. They had one child. The final divorce decree ordered Paul to pay weekly child support, certain debts, and the 1995 and 1996 real estate taxes due on the marital residence. Paul failed to comply with the decree, and on September 3, 2003, the trial court conducted a hearing on Dawn’s motion to enforce. On December 5, 2003, the trial court signed an order finding Paul guilty of contempt for failure to pay past-due real estate taxes and of 359 separate acts of contempt for failure to pay child support.
 
 *582
 
 The trial court imposed a criminal contempt sentence of confinement in the county jail for 72 hours and a civil contempt sentence requiring that Paul remain confined until he paid his ex-wife $30,141.42, which included $20,873 in past-due child support, $2,268 in interest, $4,640.42 in past-due property taxes, and $2,360 in attorney’s fees. The trial court suspended the sentence on the condition that Paul make weekly payments toward the full judgment and continue the previously ordered weekly child-support payment, but the trial court revoked the suspension in a separate commitment order signed on January 8, 2004, after Paul failed to comply with the suspension order’s conditions. Paul was ordered to serve the 72-hour criminal contempt portion of the order and was remanded to custody for confinement in the county jail until he paid Dawn the full judgment of $30,141.42, plus $860.25 in additional child support and $2,300 in additional attorney’s fees. Paul filed a petition for writ of habeas corpus in the court of appeals, which was denied. He then petitioned this Court for relief.
 

 A commitment order is subject to collateral attack in a habeas corpus proceeding.
 
 See Ex parte Barnett,
 
 600 S.W.2d 252, 254 (Tex.1980). A writ of habeas corpus will issue if the trial court’s contempt order is void, either because it is beyond the court’s power or because the relator has not been afforded due process.
 
 See id.; see also Ex parte Swate,
 
 922 S.W.2d 122, 124 (Tex.1996). A commitment order that violates the Texas Constitution is beyond the court’s power and is void.
 
 See Ex parte Yates,
 
 387 S.W.2d 377, 380 (Tex.1965). The Texas Constitution provides that “[n]o person shall ever be imprisoned for debt.” Tex. Const, art. I, § 18. Thus, although an order requiring payment of debt may be enforced through legal processes like execution or attachment, a confinement order premised on failure to pay a debt is void.
 
 See Ex parte Hall,
 
 854 S.W.2d 656, 658 (Tex.1993) (stating “the failure to comply with an order to pay a ‘debt’ is not contempt punishable by imprisonment”).
 

 A person may be confined under a court’s contempt powers for failure to pay child support.
 
 [1]
 

 See
 
 Tex. Fam.Code §§ 157.001, 157.166—167;
 
 Hall,
 
 854 S.W.2d at 658. But the obligation to support a child is viewed as a legal duty and not as a debt.
 
 See Hall,
 
 854 S.W.2d at 658. Similarly, attorney’s fees related to child-support contempt actions are viewed as costs and are not considered a debt.
 
 Ex parte Helms,
 
 152 Tex. 480, 259 S.W.2d 184, 188-89 (1953). In this case, the trial court clearly had authority to order Paul confined for failure to pay past-due child support and related attorney’s fees. We must decide whether the trial court also had authority to order Paul confined for failure to pay past-due property taxes.
 

 As with child-support obligations, a person may be held in coercive contempt for failure to satisfy an obligation to deliver specific property pursuant to a division of the community estate.
 
 See Ex parte Sutherland,
 
 526 S.W.2d 536, 539 (Tex.1975). The delivery of community property under a divorce decree is not considered payment of a debt when the delivering party surrenders property to which the former spouse is legally entitled.
 
 Id.
 
 In that instance, the surrendering spouse is, constructively, a trustee in hold
 
 *583
 
 ing the other spouse’s property; as such, the surrendering spouse is not paying a debt, but rather turning over property rightfully due the other under the divorce decree.
 
 Id.; Ex parte Preston,
 
 162 Tex. 379, 347 S.W.2d 938, 940-41 (1961). The Henrys’ divorce decree addresses the payment of property taxes in a section devoted to division of assets and requires payment of the taxes “as a part of the division of the estate of the parties.”
 
 [2]
 
 We must determine whether the trial court’s coercive contempt sentence for Paul’s failure to pay the court-ordered property taxes constitutes prohibited imprisonment for debt.
 

 We have held that when a trial court finds that the particular property at issue currently exists and awards that property as part of the community estate’s division, the contemnor is not indebted to the other party, but becomes a constructive trustee who holds that party’s assets.
 
 Preston,
 
 347 S.W.2d at 940. In such an instance, a court may find the holding party in contempt and order confinement for willfully refusing to obey an order to turn over funds to which the other party is legally entitled.
 
 Id.
 
 at 940-41. In this case, the Henrys’ divorce decree did not indicate that funds to pay the property taxes presently existed, nor did it specify particular community funds from which the property taxes were to be paid. Without such identification of existing funds, we cannot consider Paul a constructive trustee or fiduciary who holds community assets that rightfully belong to Dawn. Consequently, Paul’s obligation to pay past-due property taxes is a debt owed to the taxing entity.
 
 See Ex parte Chacon,
 
 607 S.W.2d 317, 319 (Tex.Civ.App.-El Paso 1980, orig. proceeding) (holding that a judgment providing for payment of federal taxes is a debt owed to the federal government). The fact that the tax obligation was imposed as a part of the division of community property does not in itself transform the obligation into one enforceable by coercive contempt.
 
 See Ex parte Gorena,
 
 595 S.W.2d 841, 845 (Tex.1979) (citing
 
 Ex parte Duncan,
 
 462 S.W.2d 336 (Tex.Civ.App.-Houston [1st Dist.] 1970, orig. proceeding) (acknowledging that coercive enforcement of divorce decree’s recital of the parties’ agreement that relator would make payments on a car note constituted imprisonment for debt despite fact that the car was awarded to relator’s wife as part of the community property division)). We conclude that Paul’s obligation to pay property taxes as ordered in the divorce decree is a debt and therefore is not enforceable by
 
 *584
 
 confinement for contempt.
 
 See
 
 Tex. Const, art. I, § 18.
 

 Paul contends the trial court’s entire commitment order is void because it assesses one coercive punishment for all acts of civil contempt when at least one of those acts is not punishable by confinement. We agree. In
 
 Ex parte Davila,
 
 we held that a contempt order requiring the relator to pay a sum of money that included amounts that could not be the basis for contempt is void and requires that the relator be discharged from confinement. 718 S.W.2d 281, 282 (Tex.1986). As in
 
 Davila,
 
 the commitment order here does not assess separate penalties for each contemptuous act; rather, it requires Paul to pay a $30,141.42 lump sum to secure his freedom.
 
 Id.
 
 This lump sum includes the past-due property taxes and associated penalties, and the commitment order confines Paul until he satisfies the full obligation. “If one punishment is assessed for multiple acts of contempt, and one of those acts is not punishable by contempt, the entire judgment is void.”
 
 Id.
 
 Because the trial court did not allocate the $30,141.42 judgment based on particular contemptuous acts, and because Paul’s failure to pay past-due property taxes as required in the divorce decree is not punishable by coercive contempt, we hold that the trial court’s entire civil commitment order is void.
 

 Dawn suggests that any void portions of the commitment order can be severed from the valid portions of the order. As authority for her position, Dawn cites one pr
 
 e-Davila
 
 case from this Court and several cases from our courts of appeals. Those cases, however, are distinguishable in that the contempt and commitment orders in issue either separately listed the punishment for each contemptuous act, involved only the enforceability of a contempt order for inability to pay, or were decided before
 
 Davila. Ex parte Carey,
 
 704 S.W.2d 13, 14 (Tex.1986)
 
 (pre-Davila
 
 case);
 
 In re Ross,
 
 125 S.W.3d 549, 553 (Tex.App.-Austin 2003, orig. proceeding) (listing contempt sentences separately);
 
 In re Villanueva,
 
 56 S.W.3d 905, 908 (Tex.App.-Houston [1st Dist.] 2001, orig. proceeding) (same);
 
 In re Patillo,
 
 32 S.W.3d 907, 909 (Tex.App.-Corpus Christi 2000, orig. proceeding) (same);
 
 Ex parte Williams,
 
 866 S.W.2d 751, 753 (Tex.App.Houston [1st Dist.] 1993, orig. proceeding) (same);
 
 Ex parte Ramon,
 
 821 S.W.2d 711, 715 (Tex.App.-San Antonio 1991, orig. proceeding) (involving inability to pay support);
 
 Ex parte Linder,
 
 783 S.W.2d 754, 758 (Tex.App.-Dallas 1990, orig. proceeding) (listing contempt sentences separately);
 
 Ex parte Conoly,
 
 732 S.W.2d 695, 699 (Tex.App.-Dallas 1987, orig. proceeding) (involving two separate contempt orders). Here, as we have said, the commitment order does not allocate the $30,131.42 judgment based on separate contemptuous acts and contains no findings to support a lesser coercive contempt sentence. Accordingly, we are unable to reform the civil commitment order or sever any portion thereof.
 
 [3]
 
 Had the commitment order in this case itemized the contemptuous acts and identified a discrete dollar amount for each failure to pay, our conclusion might be different.
 

 We hold that the trial court’s commitment order is void. Accordingly, without hearing oral argument, Tex.R.App. P. 52.8(c), we grant Paul Edward Henry’s petition for writ of habeas corpus and order him discharged.
 

 
 *585
 
 Justice GREEN did not participate in the decision.
 

 [1]
 

 . Likewise, a person may be incarcerated for failure to pay a criminal fine.
 
 E.g., Ex parte Chambers, 898
 
 S.W.2d 257, 267 (Tex.1995) (citing
 
 Dixon v. State, 2
 
 Tex. 481, 482 (1847)). Criminal fines are not debts, and the Texas Constitution does not prohibit confinement for failure to pay such fines.
 
 Id.
 
 The failure to pay a criminal fine, however, is not an issue in this proceeding.
 

 [2]
 

 . The pertinent portions of the Henrys’ final divorce decree provide the following:
 

 14.
 
 Division of Marital Estate.
 

 The Court finds that the following is a just and right division of the parties’ marital estate, having due regard for the rights of each party and the child of the marriage.
 

 IT IS ORDERED AND DECREED that the estate of the parties is divided as follows:
 

 [[Image here]]
 

 [Dawn] is awarded the following as [Dawn’s] sole and separate property, and [Paul] is hereby divested of all right, title, interest, and claim in and to such property:
 

 1. The following real property [identified in Exhibit A, which contains legal descriptions of the marital residence].
 

 [[Image here]]
 

 IT IS ORDERED AND DECREED that [Paul] shall pay, as a part of the division of the estate of the parties, the following and shall indemnify and hold [Dawn] and [Dawn’s] property harmless from any failure to so discharge these items:
 

 1. The following debts, charges, liabilities, and obligations:
 

 [[Image here]]
 

 1995 and 1996 Real Estate taxes due and owing on the property described in Exhibit A ..., and shall hold [Dawn] harmless from any penalty or interest due thereon.
 

 [3]
 

 . This is not to say that the trial court may not issue a new commitment order that imposes a civil contempt sentence for Paul's failure to pay child support and related attorney’s fees without imposing a coercive contempt sentence for his failure to pay property taxes. We do not, however, decide the validity of such an order today.