COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-415-CV

 

 

IN RE                                                                                    RELATOR

 

GENE
DAVID TOMASZ

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Relator Gene David Tomasz
seeks habeas corpus relief from a divorce-court contempt and commitment order
sentencing Relator to 180 days in jail for failing to pay child support and
ordering that he remain in jail until he pays the back child support to real
party in interest Rae Wisdom.  In four
issues, Relator argues that various parts of the contempt order are void.  We grant relief in part and deny in part.








                                            Background

Relator and Wisdom have two
children, born May 9, 1987, and March 23, 1989. 
The trial court rendered a final decree of divorce in 1995 and ordered
Relator to pay $400 per month in child support until the older child turned
eighteen and $320 per month thereafter. 
The decree also ordered Relator to pay, Aas additional child support,@ the children=s health
insurance premiums or to reimburse Wisdom for those premiums. 

In 1998, the trial court
increased Relator=s
child-support obligation to $950 per month until the older child turned
eighteen and $760 per month thereafter. 
The older of the two children turned eighteen on May 9, 2005.

On September 18, 2006, Wisdom
filed a motion to enforce the child support obligation.  The motion alleged, among other things, that
Relator had failed to pay $760 in child support in July, August, and September
2006 and had failed to reimburse Wisdom for $17,589.76 in health insurance
premiums for the children from 1995 through 2006.  Wisdom requested criminal and civil contempt commitments.









The trial court heard Wisdom=s motion on October 27, 2006. 
It found seven specific, enumerated violations of the child support
orders, including failure to make the three $760 support payments in 2006 and
failing to reimburse Wisdom for $17,589.76 in health insurance premiums.  In addition to the three $760 support
payments, the trial court found that Relator had failed to make other payments
that, with interest, brought the arrearage to $31,143.30, not counting the
$17,589.76 in unreimbursed health insurance premiums. 

The trial court ordered Athat [Relator] is committed to the county jail . . .
for a period of 180 days for each separate violation enumerated above, said
sentence to be served concurrently@ (Athe criminal
contempt order@).  The trial court also ordered that Relator
shall be confined in jail until he pays Wisdom $49,371.56 as the total child
support arrearage (Athe civil
contempt order@).

Realtor was taken into
custody and is confined in the Tarrant County jail.

                                             Discussion

In his first issue, Relator
argues that the trial court=s criminal contempt order is void because it holds him in contempt
for, among other things, child support payments relating to the older child,
and Wisdom filed her motion to enforce more than six months after the older
child reached the age of eighteen.

Family code section
157.005(a) provides as follows:

The
court retains jurisdiction to render a contempt order for failure to comply
with the child support order if the motion for enforcement is filed not later
than the sixth month after the date:

(1)
the child becomes an adult; or

(2)
on which the child support obligation terminates under the order or by
operation of law.

 








Tex. Fam. Code Ann. ' 157.005(a)
(Vernon Supp. 2006).  A contempt order is
void if it is based in part on a child support order over which the trial court
lost jurisdiction under section 157.005(a). 
Ex parte Rogers, 820 S.W.2d 35, 38 (Tex. App.CCorpus Christi 1991, orig. proceeding) (holding entire contempt order
void when trial court imposed one punishment for unpaid child support
pertaining to two children, one of whom turned eighteen more than six months
before contempt motion filed); see also In re Henry, 154 S.W.3d 594,
597-98 (Tex. 2005) (orig. proceeding) (holding entire civil contempt order void
when it ordered relator to pay sum over part of which trial court had no
jurisdiction and court did not allocate sum between the various parts); Ex
parte Davila, 718 S.W.2d 281, 282 (Tex. 1986) (orig. proceeding) (same).

Here, the older child turned
eighteen on May 9, 2005.  RPI filed her
motion to enforce on September 18, 2006, more than six months later.  Thus, the trial court lacked jurisdiction to
impose contempt with regard to the older child=s support payments.








The criminal contempt part of
the enforcement orderCthe part
that punishes Relator for failing to make the support paymentsCenumerated seven violations and imposed a 180-day sentence for each
one.  The first three enumerated
violations pertain solely to the younger child=s $760 monthly payments, and the trial court had jurisdiction to hold
Relator in contempt for failing to make those payments.

The next three violations
concern Relator=s failure to
provide health insurance Afor the
benefit of the children from 01/16/1995 through 09/30/2006,@ to reimburse Wisdom for health insurance premiums Afor the benefit of the children from September 2000 through
October 1, 2006,@ and to
reimburse Wisdom $638.50 for uninsured medical expenses incurred by Wisdom Aon behalf of the parties= children.@  [Emphasis added.]  The divorce decree identified the insurance
and medical payments as Aadditional
child support.@  The references to Athe children@ show that
these failures to pay Aadditional
child support@ pertained
to both children, though we cannot tell how much Relator owed for each child
individually.  The trial court lacked
jurisdiction to hold Relator in contempt for the sums owed as Aadditional child support@ for the older child.  Thus, the
criminal contempt commitment arising from each of those three violations is
void.








But that does not render the
entire contempt order void because the trial court sentenced Appellant to a
separate 180-day sentence for each of the seven enumerated violations.  See Henry, 154 S.W.3d at 597-98; Davila,
718 S.W.2d at 282.  Thus, the criminal
contempt order is valid and enforceable with regard to enumerated violations
one through three, and Appellant must serve the concurrent 180-day sentences
related to those violations.[2]

The civil contempt part of
the orderCthe part
that keeps Relator in jail until he pays the support arrearageCorders Relator to pay Wisdom $49,371.56.  That sum comprises the three $760 payments
attributable to the younger child, plus $28,763.30 in back payments and interest
attributable (presumably) to both children, $17,589.76 in health insurance
premiums for both children, and $638.50 in health expenses for (presumably)
both children.  Again, the trial court
lacked jurisdiction to hold Relator in contempt for the payments related to the
older child.  Because the trial court did
not allocate the sums owed between the two children, the entire civil
commitment order is void.  See Henry,
154 S.W.3d at 598.








Family code section 157.005(b)
provides that the trial court retains jurisdiction to confirm the total amount
of child support arrearages and render judgment for past-due child support if a
motion for enforcement requesting a money judgment is filed not later than the
tenth anniversary of the date the child becomes an adult or the support
obligation terminates under the support order. 
Tex. Fam. Code Ann. ' 157.005(b) (Vernon Supp. 2006). 
Wisdom filed her motion for enforcement well within section 157.005(b)=s deadline, and the trial court=s order confirmed the support arrearage and rendered judgment for
Wisdom for $49,371.56.  Because the trial
court had jurisdiction to render a money judgment for the entire support
arrearage, our holdings with regard to the contempt orders have no effect on
Relator=s liability for the full amount of the judgment.

We sustain Relator=s first issue in part and overrule it in part.

In his second issue, Relator
argues that the trial court=s civil contempt order is void because it holds him in contempt for
failing to perform an act that he was not ordered to do.  Because we have already held that the civil
contempt order is void, we need not consider Relator=s second issue.








In his third issue, Relator
argues that the trial court=s order is void because it fails to identify the support orders
Relator violated.   Relator cites two
authoritiesCfamily code
section 157.166 and Ex parte BagwellCin support of his argument.  His
reliance on those authorities is misplaced. 
Section 157.166 provides that an enforcement order must include, in
ordinary and concise language, the provision of the order for which enforcement
was requested.  Tex. Fam. Code Ann. ' 157.166(1) (Vernon 2002).  The
contempt order complies with that requirement by quoting extensively from the
support obligations imposed by both the divorce decree and the 1998 child support
order.  In Ex parte Bagwell, the
Houston fourteenth court held a contempt order void because the trial court=s order merely incorporated by reference the provisions of the
underlying child support order by citing to a particular page of the court=s minutes and the cited page did not set out the obligation the
contemnor allegedly violated.  754 S.W.2d
490, 492 (Tex. App.CHouston
[14th Dist.] 1988, orig. proceeding).  In
this case, the trial court explicitly recited the provisions of the orders that
Relator had violated as required by section 157.166(1).  Thus, Bagwell is inapposite.  We overrule Relator=s third issue.








In his fourth issue, Relator
argues that the trial court=s order is void with regard to the seventh enumerated basis for
criminal contemptCfailure to maintain
a life insurance policyCbecause
neither Wisdom=s motion for
enforcement nor the trial court=s contempt order sets out in ordinary and concise language the trial
court=s earlier order giving rise to the life-insurance obligation.  We agree. 
A motion for enforcement must identify the provision of the order
allegedly violated, and, as we have already noted, an enforcement order
must  include, in ordinary and concise
language, the provision of the order for which enforcement was requested.  Tex.
Fam. Code Ann. '' 157.002(a)(1),
157.066(1) (Vernon 2002).  The final
divorce decree ordered Relator to maintain a life insurance policy, but neither
Wisdom=s motion nor the trial court=s order recited the terms of that obligation.  We therefore hold that the trial court=s order is void with regard to the seventh enumerated basis for
criminal contempt, and we sustain Relator=s fourth issue.

In a supplement to his
petition for writ of habeas corpus, Relator objected to the affidavit of Wisdom=s trial court counsel, Donna Smiedt, which Wisdom filed with her
response, and requested that we disregard the affidavit.  Smiedt=s affidavit was irrelevant to our analysis of the issues presented by
Relator.  Therefore, we need not rule on
Relator=s objection to Smiedt=s affidavit.  See Tex. R. App. P. 52.8(d), 47.1.

                                             Conclusion

Having disposed of Relator=s issues, we strike the following void portions of the trial court=s contempt order:

1.     The criminal contempt
commitments on page 13 related to enumerated violations 4, 5, 6, and 7; and

2.     The entire civil contempt
commitment on pages 13 and 14.








We do not reach Relator=s objections to Smiedt=s affidavit.  We deny all other
relief requested by Relator.  Because the
trial court=s criminal
contempt commitment with regard to enumerated violations 1, 2, and 3 is valid
and enforceable, Relator is not entitled to be released from jail until he has
served the three concurrent, 180-day contempt sentences imposed for those
violations.

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DELIVERED:  January 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]We
will consider the seventh enumerated violationCRelator=s
failure to maintain a life insurance policyCin connection with Relator=s
fourth issue.