COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-415-CV

IN RE RELATOR

GENE DAVID TOMASZ

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator Gene David Tomasz seeks habeas corpus relief from a divorce-court contempt and commitment order sentencing Relator to 180 days in jail for failing to pay child support and ordering that he remain in jail until he pays the back child support to real party in interest Rae Wisdom.  In four issues, Relator argues that various parts of the contempt order are void.  We grant relief in part and deny in part.

Background

Relator and Wisdom have two children, born May 9, 1987, and March 23, 1989.  The trial court rendered a final decree of divorce in 1995 and ordered Relator to pay $400 per month in child support until the older child turned eighteen and $320 per month thereafter.  The decree also ordered Relator to pay, “as additional child support,” the children’s health insurance premiums or to reimburse Wisdom for those premiums. 

In 1998, the trial court increased Relator’s child-support obligation to $950 per month until the older child turned eighteen and $760 per month thereafter.  The older of the two children turned eighteen on May 9, 2005.

On September 18, 2006, Wisdom filed a motion to enforce the child support obligation.  The motion alleged, among other things, that Relator had failed to pay $760 in child support in July, August, and September 2006 and had failed to reimburse Wisdom for $17,589.76 in health insurance premiums for the children from 1995 through 2006.  Wisdom requested criminal and civil contempt commitments. 

The trial court heard Wisdom’s motion on October 27, 2006.  It found seven specific, enumerated violations of the child support orders, including failure to make the three $760 support payments in 2006 and failing to reimburse Wisdom for $17,589.76 in health insurance premiums.  In addition to the three $760 support payments, the trial court found that Relator had failed to make other payments that, with interest, brought the arrearage to $31,143.30, not counting the $17,589.76 in unreimbursed health insurance premiums. 

The trial court ordered “that [Relator] is committed to the county jail . . . for a period of 180 days for each separate violation enumerated above, said sentence to be served concurrently” (“the criminal contempt order”).  The trial court also ordered that Relator shall be confined in jail until he pays Wisdom $49,371.56 as the total child support arrearage (“the civil contempt order”). 

Realtor was taken into custody and is confined in the Tarrant County jail.

Discussion

In his first issue, Relator argues that the trial court’s criminal contempt order is void because it holds him in contempt for, among other things, child support payments relating to the older child, and Wisdom filed her motion to enforce more than six months after the older child reached the age of eighteen.

Family code section 157.005(a) provides as follows:

The court retains jurisdiction to render a contempt order for failure to comply with the child support order if the motion for enforcement is filed not later than the sixth month after the date:

(1) the child becomes an adult; or

(2) on which the child support obligation terminates under the order or by operation of law.

Tex. Fam. Code Ann.
 § 157.005(a) (Vernon Supp. 2006).  A contempt order is void if it is based in part on a child support order over which the trial court lost jurisdiction under section 157.005(a).  
Ex parte Rogers
, 820 S.W.2d 35, 38 (Tex. App.—Corpus Christi 1991, orig. proceeding) (holding entire contempt order void when trial court imposed one punishment for unpaid child support pertaining to two children, one of whom turned eighteen more than six months before contempt motion filed); 
see also In re Henry
, 154 S.W.3d 594, 597-98 (Tex. 2005) (orig. proceeding) (holding entire civil contempt order void when it ordered relator to pay sum over part of which trial court had no jurisdiction and court did not allocate sum between the various parts); 
Ex parte Davila
, 718 S.W.2d 281, 282 (Tex. 1986) (orig. proceeding) (same).

Here, the older child turned eighteen on May 9, 2005.  RPI filed her motion to enforce on September 18, 2006, more than six months later.  Thus, the trial court lacked jurisdiction to impose contempt with regard to the older child’s support payments.

The criminal contempt part of the enforcement order—the part that punishes Relator for failing to make the support payments—enumerated seven violations and imposed a 180-day sentence for each one.  The first three enumerated violations pertain solely to the younger child’s $760 monthly payments, and the trial court had jurisdiction to hold Relator in contempt for failing to make those payments.

The next three violations concern Relator’s failure to provide health insurance “for the benefit of the 
children
 from 01/16/1995 through 09/30/2006,” to reimburse Wisdom for health insurance premiums “for the benefit of the 
children
 from September 2000 through October 1, 2006,” and to reimburse Wisdom $638.50 for uninsured medical expenses incurred by Wisdom “on behalf of the parties’ 
children
.”  [Emphasis added.]  The divorce decree identified the insurance and medical payments as “additional child support.”  The references to “the children” show that these failures to pay “additional child support” pertained to both children, though we cannot tell how much Relator owed for each child individually.  The trial court lacked jurisdiction to hold Relator in contempt for the sums owed as “additional child support” for the older child.  Thus, the criminal contempt commitment arising from each of those three violations is void.

But that does not render the entire contempt order void because the trial court sentenced Appellant to a separate 180-day sentence for each of the seven enumerated violations.  
See Henry
, 154 S.W.3d at 597-98; 
Davila
, 718 S.W.2d at 282
.  Thus, the criminal contempt order is valid and enforceable with regard to enumerated violations one through three, and Appellant must serve the concurrent 180-day sentences related to those violations.
(footnote: 2)
 The civil contempt part of the order—the part that keeps Relator in jail until he pays the support arrearage—orders Relator to pay Wisdom $49,371.56.  That sum comprises the three $760 payments attributable to the younger child, plus $28,763.30 in back payments and interest attributable (presumably) to both children, $17,589.76 in health insurance premiums for both children, and $638.50 in health expenses for (presumably) both children.  Again, the trial court lacked jurisdiction to hold Relator in contempt for the payments related to the older child.  Because the trial court did not allocate the sums owed between the two children, the entire civil commitment order is void.  
See
 
Henry
, 154 S.W.3d at 598.

Family code section 157.005(b) provides that the trial court retains jurisdiction to confirm the total amount of child support arrearages and render judgment for past-due child support if a motion for enforcement requesting a money judgment is filed not later than the tenth anniversary of the date the child becomes an adult or the support obligation terminates under the support order.  
Tex. Fam. Code Ann.
 § 157.005(b) (Vernon Supp. 2006).  Wisdom filed her motion for enforcement well within section 157.005(b)’s deadline, and the trial court’s order confirmed the support arrearage and rendered judgment for Wisdom for $49,371.56.  Because the trial court had jurisdiction to render a money judgment for the entire support arrearage, our holdings with regard to the contempt orders have no effect on Relator’s liability for the full amount of the judgment.

We sustain Relator’s first issue in part and overrule it in part.

In his second issue, Relator argues that the trial court’s civil contempt order is void because it holds him in contempt for failing to perform an act that he was not ordered to do.  Because we have already held that the civil contempt order is void, we need not consider Relator’s second issue.

In his third issue, Relator argues that the trial court’s order is void because it fails to identify the support orders Relator violated.   Relator cites two authorities—family code section 157.166 and 
Ex parte Bagwell
—in support of his argument.  His reliance on those authorities is misplaced.  Section 157.166 provides that an enforcement order must include, in ordinary and concise language, the provision of the order for which enforcement was requested.
  
Tex. Fam. Code Ann.
 § 157.166(1) (Vernon 2002).  The contempt order complies with that requirement by quoting extensively from the support obligations imposed by both the divorce decree and the 1998 child support order.  In 
Ex parte Bagwell
, the Houston fourteenth court held a contempt order void because the trial court’s order merely incorporated by reference the provisions of the underlying child support order by citing to a particular page of the court’s minutes and the cited page did not set out the obligation the contemnor allegedly violated.  754 S.W.2d 490, 492 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding).  In this case, the trial court explicitly recited the provisions of the orders that Relator had violated as required by section 157.166(1).  Thus, 
Bagwell
 is inapposite.  We overrule Relator’s third issue.

In his fourth issue, Relator argues that the trial court’s order is void with regard to the seventh enumerated basis for criminal contempt—failure to maintain a life insurance policy—because neither Wisdom’s motion for enforcement nor the trial court’s contempt order sets out in ordinary and concise language the trial court’s earlier order giving rise to the life-insurance obligation.  We agree.  A motion for enforcement must identify the provision of the order allegedly violated, and, as we have already noted, an enforcement order must  include, in ordinary and concise language, the provision of the order for which enforcement was requested.  
Tex. Fam. Code Ann.
 §§ 157.002(a)(1), 157.066(1) (Vernon 2002).  The final divorce decree ordered Relator to maintain a life insurance policy, but neither Wisdom’s motion nor the trial court’s order recited the terms of that obligation.  We therefore hold that the trial court’s order is void with regard to the seventh enumerated basis for criminal contempt, and we sustain Relator’s fourth issue.

In a supplement to his petition for writ of habeas corpus, Relator objected to the affidavit of Wisdom’s trial court counsel, Donna Smiedt, which Wisdom filed with her response, and requested that we disregard the affidavit.  Smiedt’s affidavit was irrelevant to our analysis of the issues presented by Relator.  Therefore, we need not rule on Relator’s objection to Smiedt’s affidavit.  
See
 
Tex. R. App. P.
 52.8(d), 47.1.

Conclusion

Having disposed of Relator’s issues, we strike the following void portions of the trial court’s contempt order:

1. The criminal contempt commitments on page 13 related to enumerated violations 4, 5, 6, and 7; and

2. The entire civil contempt commitment on pages 13 and 14.

We do not reach Relator’s objections to Smiedt’s affidavit.  We deny all other relief requested by Relator.  Because the trial court’s criminal contempt commitment with regard to enumerated violations 1, 2, and 3 is valid and enforceable, Relator is not entitled to be released from jail until he has served the three concurrent, 180-day contempt sentences imposed for those violations.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DELIVERED:  January 22, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
We will consider the seventh enumerated violation—Relator’s failure to maintain a life insurance policy—in connection with Relator’s fourth issue.