TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00074-CV






In re Russell Scott Silverman






ORIGINAL PROCEEDING FROM COMAL COUNTY




M E M O R A N D U M O P I N I O N



 Relator Russell Scott Silverman has filed a petition for writ of mandamus in which
he asks that we order the trial court to transfer the underlying suit affecting the parent-child
relationship from Comal County to Harris County. We conditionally grant the petition.

 In 2006, the Comal County District Court signed a Final Decree of Divorce that
terminated the marriage between relator and Damaris Johnson and set terms regarding custody of
their child. In January 2008, the Comal County District Court signed a Final Order on Contempt
and Enforcement ("contempt order") in which it found relator in contempt for failing to comply with
the child custody decree and ordered relator to pay Damaris's attorneys' fees directly to her attorney,
Barbara Gayl Ancira. The contempt order states that Ancira may enforce the fees award "by any
means available for the enforcement of a judgment for debt and/or enforcement of child support." 

 Ancira later filed a Petition for Enforcement and Contempt in the underlying cause
seeking to enforce the attorneys' fees award in the contempt order. She sought payment of the award
and requested that relator be jailed for up to eighteen months for failing to pay the attorneys' fees. 
She collected a portion of the fee due by garnishing relator's bank account. Relator filed a motion
to transfer the underlying case to Harris County, supported by an affidavit in which he avers that
the child has resided with Johnson in Harris County since May 2007. Ancira opposed the transfer,
contending that the petition to enforce the contempt order is an independent cause of action filed by
her against relator. Because her petition concerns only attorneys' fees payable to her, Ancira argues
that it is not subject to the statutes governing transfer of suits affecting the parent-child relationship. 
She has filed a motion to sever her petition from the child custody case. That motion remains
pending in the trial court.

 The "Mandatory Transfer" section of the family code pertaining to suits affecting the
parent-child relationship provides in relevant part: 


 If a suit to modify or a motion to enforce an order is filed in the court having
continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court
shall, within the time required by Section 155.204, transfer the proceeding to another
county in this state if the child has resided in the other county for six months or
longer.


Tex. Fam. Code Ann. § 155.201(b) (West 2008). Ancira's Petition for Enforcement and Contempt
was filed in the same cause number as the contempt order and the divorce and custody decree. She
asks the court to enforce the order by jailing relator if necessary--a means available only because
the attorneys' fees award was made payable as child support. See Tex. Const. art. I, § 18 ("No
person shall ever be imprisoned for debt."); In re Henry, 154 S.W.3d 594, 596 (Tex. 2005). (1) While
the fact that she sought a means of enforcement that is available only under the family code is
not dispositive, it is some indication that this is not an ordinary debt collection action. Ancira's
argument that she could have sought this relief in a separate petition outside the realm of child
support is irrelevant because she did not do so. The pending severance motion in the trial court is
not before us. (2) We must consider only whether the trial court erred by denying relator's motion to
transfer venue.

 Based on the record provided, relator satisfied the conditions for mandatory
transfer of the case to Harris County. Ancira filed a petition to enforce a contempt order arising
from relator's violations of a child custody and support decree. She filed her petition in the same
cause number as the suit affecting the parent-child relationship in which she was awarded attorneys'
fees enforceable as child support. She filed her petition in the court in Comal County that has
continuing, exclusive jurisdiction of the suit. Relator timely filed a motion to transfer the case
to Harris County based on uncontroverted proof that the child lived in Harris County for more than
six months prior to the filing of the enforcement proceeding. Under such circumstances, the statute
provides that the trial court "shall" transfer the case. See Tex. Fam. Code Ann. § 155.201(b). 

 Ancira's argument that her petition is not a suit affecting the parent-child relationship
is unavailing because the mandatory transfer statute also applies to "a motion to enforce an order." 
See Tex. Fam. Code Ann. § 155.201(b). That she styled her pleading a "Petition" does not exclude
it from that clause--which expressly governs a "motion" to enforce an order--because she seeks
by that pleading to enforce the contempt order. See State Bar v. Heard, 603 S.W.2d 829, 833
(Tex. 1980). The substance of the pleading, not its title, determines its nature. Id.; see also Surgitek,
Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999).

 Family code section 155.201(b) requires the trial court to transfer the case under these
circumstances. The failure to do so was an abuse of discretion. Mandamus is the appropriate
remedy for this failure to comply with the mandatory duty to transfer. See Tex. Civ. Prac. & Rem.
Code Ann. § 15.0642 (West 2002); see also id. §15.016 (West 2002).

 We conditionally grant the writ of mandamus. The writ of mandamus will issue only
if the trial court fails to act in accordance with this opinion.



 

 G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed: April 24, 2009
1. The court in Henry wrote that "attorney's fees related to child-support contempt actions
are viewed as costs and are not considered a debt. Ex parte Helms, 259 S.W.2d 184, 188-89
(Tex. 1953). In this case, the trial court clearly had authority to order Paul confined for failure to pay
past-due child support and related attorney's fees." In re Henry, 154 S.W.3d 594, 596 (Tex. 2005).
2. We make no comment on what we would do were we faced with a separate petition, a
severed cause of action, or a request that we order the trial court to sever her petition. We note only
that we are not presented with those issues.