# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00074-CV

## In re Russell Scott Silverman

## ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Russell Scott Silverman has filed a petition for writ of mandamus in which he asks that we order the trial court to transfer the underlying suit affecting the parent-child relationship from Comal County to Harris County. We conditionally grant the petition.

In 2006, the Comal County District Court signed a Final Decree of Divorce that terminated the marriage between relator and Damaris Johnson and set terms regarding custody of their child. In January 2008, the Comal County District Court signed a Final Order on Contempt and Enforcement ("contempt order") in which it found relator in contempt for failing to comply with the child custody decree and ordered relator to pay Damaris's attorneys' fees directly to her attorney, Barbara Gayl Ancira. The contempt order states that Ancira may enforce the fees award "by any means available for the enforcement of a judgment for debt and/or enforcement of child support."

Ancira later filed a Petition for Enforcement and Contempt in the underlying cause seeking to enforce the attorneys' fees award in the contempt order. She sought payment of the award and requested that relator be jailed for up to eighteen months for failing to pay the attorneys' fees. She collected a portion of the fee due by garnishing relator's bank account. Relator filed a motion

to transfer the underlying case to Harris County, supported by an affidavit in which he avers that the child has resided with Johnson in Harris County since May 2007. Ancira opposed the transfer, contending that the petition to enforce the contempt order is an independent cause of action filed by her against relator. Because her petition concerns only attorneys' fees payable to her, Ancira argues that it is not subject to the statutes governing transfer of suits affecting the parent-child relationship. She has filed a motion to sever her petition from the child custody case. That motion remains pending in the trial court.

The "Mandatory Transfer" section of the family code pertaining to suits affecting the parent-child relationship provides in relevant part:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Tex. Fam. Code Ann. § 155.201(b) (West 2008). Ancira's Petition for Enforcement and Contempt was filed in the same cause number as the contempt order and the divorce and custody decree. She asks the court to enforce the order by jailing relator if necessary—a means available only because the attorneys' fees award was made payable as child support. *See* Tex. Const. art. I, § 18 ("No person shall ever be imprisoned for debt."); *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005).[1] While

---

[1] The court in *Henry* wrote that "attorney's fees related to child-support contempt actions are viewed as costs and are not considered a debt. *Ex parte Helms*, 259 S.W.2d 184, 188-89 (Tex. 1953). In this case, the trial court clearly had authority to order Paul confined for failure to pay past-due child support and related attorney's fees." *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005).

the fact that she sought a means of enforcement that is available only under the family code is not dispositive, it is some indication that this is not an ordinary debt collection action. Ancira's argument that she could have sought this relief in a separate petition outside the realm of child support is irrelevant because she did not do so. The pending severance motion in the trial court is not before us.[2] We must consider only whether the trial court erred by denying relator's motion to transfer venue.

Based on the record provided, relator satisfied the conditions for mandatory transfer of the case to Harris County. Ancira filed a petition to enforce a contempt order arising from relator's violations of a child custody and support decree. She filed her petition in the same cause number as the suit affecting the parent-child relationship in which she was awarded attorneys' fees enforceable as child support. She filed her petition in the court in Comal County that has continuing, exclusive jurisdiction of the suit. Relator timely filed a motion to transfer the case to Harris County based on uncontroverted proof that the child lived in Harris County for more than six months prior to the filing of the enforcement proceeding. Under such circumstances, the statute provides that the trial court "shall" transfer the case. *See* Tex. Fam. Code Ann. § 155.201(b).

Ancira's argument that her petition is not a suit affecting the parent-child relationship is unavailing because the mandatory transfer statute also applies to "a motion to enforce an order." *See* Tex. Fam. Code Ann. § 155.201(b). That she styled her pleading a "Petition" does not exclude it from that clause—which expressly governs a "motion" to enforce an order—because she seeks

---

[2] We make no comment on what we would do were we faced with a separate petition, a severed cause of action, or a request that we order the trial court to sever her petition. We note only that we are not presented with those issues.

by that pleading to enforce the contempt order. *See State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). The substance of the pleading, not its title, determines its nature. *Id.*; *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999).

Family code section 155.201(b) requires the trial court to transfer the case under these circumstances. The failure to do so was an abuse of discretion. Mandamus is the appropriate remedy for this failure to comply with the mandatory duty to transfer. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (West 2002); *see also id.* §15.016 (West 2002).

We conditionally grant the writ of mandamus. The writ of mandamus will issue only if the trial court fails to act in accordance with this opinion.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed: April 24, 2009

4