**Opinion issued January 28, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00653-CV

_____

## IN RE SHAWN RAY DENSON, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator, Shawn Ray Denson ("Shawn"), has filed an amended petition for writ of habeas corpus, challenging the trial court's order holding him in contempt for "failure to obey a court order" and committing him to county jail after he failed to

pay a sum owed pursuant to a final divorce decree.[1] In three issues, Shawn contends that the trial court's order is void.

We grant the petition.

## Background

On October 18, 2018, the trial court signed a final divorce decree dissolving the marriage between Shawn and real party in interest, Wendy Gayle Denson ("Wendy"). Among the provisions in the final divorce decree was a requirement that Shawn pay Wendy certain "debts" including

> The sum of two hundred fifty-seven thousand, two hundred twenty dollars ($257,220.00), payable under the terms of a promissory note, to [Wendy], over five (5) years, at a rate of four thousand, two hundred eighty-seven dollars ($4,287.00) per month, beginning December 1, 2018, and a like amount being due the first of each consecutive month thereafter until the note is paid in full.

Shawn purportedly executed a promissory note for the $257,220 "debt" on December 5, 2018.[2]

On June 18, 2019, Wendy filed a petition for enforcement of property division by contempt and suit for breach of contract, alleging that Shawn had failed to comply with the terms of the final divorce decree in several ways, including by failing to

---

[1]   The underlying case is *In the Matter of the Marriage of Wendy Gayle Denson and Shawn Ray Denson*, cause number 97658-F, pending in the 300th District Court of Brazoria County, Texas, the Honorable K. Randall Hufstetler, presiding.

[2]   The $257,220 promissory note is included in the final divorce decree's category of "Debts to [Shawn]," which enumerates debts owed by Shawn.

make the $4,287 monthly installment payments due on the promissory note from March through June 2019.

After a hearing on Wendy's petition, the trial court held Shawn in contempt for violating the court's "order/decree" and ordered him confined to county jail until he made the missed installment payments – which totaled $25,722 – and paid $3,500 in attorney's fees, expenses, and costs.

Shawn was taken into custody on August 29, 2019. He then filed his petition for writ of habeas corpus with this Court. This Court then ordered that he be discharged after paying a $500 bond, pending the outcome of this proceeding.

## Standard of Review

A commitment order may be collaterally attacked in a habeas corpus proceeding. *In re Henry,* 154 S.W.3d 594, 596 (Tex. 2005); *In re McLaurin*, 467 S.W.3d 561, 564 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). This Court has only limited jurisdiction over habeas corpus proceedings. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding) (explaining appellate courts have habeas jurisdiction only where party's restraint of liberty arises from violation of order, judgment, or decree made by court or judge in civil case). "A writ of habeas corpus will issue if the trial court's contempt order is void, either because it is beyond the court's power or because the relator has not been afforded due process." *Henry*, 154 S.W.3d at 596;

3

*see also Ex parte Casey*, 944 S.W.2d 18, 19 (Tex. App.—Houston [14th Dist.] 1997, no writ) ("The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was afforded due process of law or if the order of contempt was void."); *see also McLaurin*, 467 S.W.3d at 564. The relator has the burden to show that a contempt order is void. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding). Until the relator has discharged his burden of showing his entitlement to relief, the contempt order is presumed valid. *In re Parr*, 199 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

**Failure to Pay a Debt**

In his second issue, Shawn argues that the trial court's order holding him in contempt and committing him to county jail is void because an order of "confinement for failure to pay a debt" violates article I, section 18 of the Texas Constitution.

It is well-settled that "a commitment order that violates the Texas Constitution is beyond the court's power and is void." *In re Henry,* 154 S.W.3d at 596. Article 1, section 18 of the Texas Constitution provides that "[n]o person shall ever be imprisoned for debt." Thus, "although an order requiring payment of debt may be enforced through legal processes like execution or attachment, a confinement order premised on [the] failure to pay a debt is void." *In re Henry,* 154 S.W.3d at 596.

4

That an amount owed is quantified in a final divorce decree or other order signed by the trial court does not mean that nonpayment is automatically contempt punishable by confinement. *See, e.g.*, *In re Henry,* 154 S.W.3d at 597 ("The fact that the [property] tax obligation was imposed as a part of the division of community property does not in itself transform the obligation into one enforceable by coercive contempt."); *Ex parte Yates,* 387 S.W.2d 377, 380 (Tex. 1965) ("The order itself reveals that the money which [relator] was being ordered to pay to [real party in interest] . . . was money to be earned by [relator] in the future . . . The record clearly shows that [relator] is being imprisoned for debt in violation of the Texas Constitution."); *In re Richardson*, 528 S.W.3d 155, 161 (Tex. App.—El Paso 2017, orig. proceeding) ("The divorce decree included a money judgment for the reimbursement award . . . . This judgment is a debt and it cannot be enforced by contempt.").[3]

---

[3] Notably, the failure to pay child support, spousal maintenance or contractual alimony may be punishable by a contempt finding that results in incarceration. *See, e.g.*, *In re Brown*, No. 12-09-00154-CV, 2009 WL 1492836, at *1 (Tex. App.—Tyler May 29, 2009, orig. proceeding); *In re C.F.*, 576 S.W.3d 761, 770 (Tex. App.—Fort Worth 2019, orig. proceeding.) ("A person may be held in contempt and imprisoned for failing to pay child support because the obligation to pay child support is a duty, not a debt.") (citing TEX. FAM. CODE ANN. §§ 157.001, 157.166–.167; *Henry*, 154 S.W.3d at 596). Such circumstances are not present in the instant case.

Relator asserts that he has been "incarcerated for failing to pay monthly payments to his ex-wife[, Wendy,] pursuant to a promissory note created in the [final divorce] [d]ecree." "This was not a support obligation," but rather the final divorce decree set forth "a straightforward obligation to pay a debt." So the trial court's order holding him in contempt and committing him to county jail for failing to make the monthly installment payments due to Wendy constituted an order of "confinement for failure to pay a debt" and violates article I, section 18 of the Texas Constitution. We agree, noting that the El Paso Court of Appeals recently addressed a similar situation.

In *Richardson*, the divorce decree awarded the ex-wife, Julie, a judgment for $55,678.98, which comprised reimbursement for half of (1) the proceeds of a livestock sale, (2) community funds used to pay down the separate property debts of the relator, Thomas, and (3) farm equipment bought with community funds. 528 S.W.3d at 157. The trial court ordered Thomas to sign a promissory note for the $55,678.98 judgment plus additional sums that Julie incurred in support of their children. *Id.* at 158. After Julie moved to enforce, alleging, in part, that Thomas had not paid the $55,678.98 judgment, the trial court held him in civil contempt and ordered him confined in the El Paso County Jail. *Id.* The trial court then suspended the commitment and placed Thomas on community supervision for as long as he made installment payments on the amount due. *Id.* After Thomas later failed to make

the installment payments, the trial court found Thomas had violated the terms of its order suspending the commitment and committed him to jail. *Id.* at 160. Thomas then petitioned for a writ of habeas corpus, asserting the commitment order based on his failure to pay the judgment for $55,678.98 was "void because it [] resulted in his confinement for a debt." *Id.* at 161. The El Paso Court of Appeals agreed, explaining that the $55,678.98 judgment was "a debt, and it [could not] be enforced by contempt." *Id.*

Here, the $257,220.00 promissory note executed by Shawn is, similarly, a debt. *See Richardson*, 528 S.W.3d at 161. Because the Texas Constitution prohibits the imprisonment of any person for a debt, we hold that the trial court's order holding Shawn in contempt and committing him to county jail for failing to make the monthly installment payments due to Wendy is void. *See* TEX. CONST. ART. I, § 18.; *Richardson*, 528 S.W.3d at 161.

We sustain Shawn's second issue.[4]

---

[4]     We have considered Wendy's arguments raised in her response to the amended petition for writ of habeas corpus and are not persuaded by them. For instance, Wendy argues that the parol evidence rule prevents our review of Shawn's amended petition, but we disagree. *See West v. Quintanilla*, 573 S.W.3d 237, 243 (Tex. 2019) ("When parties have entered into a valid, written, integrated contract, the parol evidence rule precludes enforcement of any prior or contemporaneous agreement that addresses the same subject matter and is inconsistent with the written contract.") (citations omitted). We also decline Wendy's invitation to modify the trial court's enforcement order so that confinement would be allowed under Texas Family Code section 9.012, which states that the court may enforce by contempt only debts for "a sum of money in existence at the time the decree was rendered; or a matured right to future payments. . . ." The promissory note at issue does not

7

Because we have sustained Shawn's second issue, we need not address his first and third issues. *See* TEX. R. APP. P. 47.1.

**Conclusion**

We grant Shawn's petition for writ of habeas corpus and vacate the trial court's August 31, 2019 order holding Shawn in contempt and committing him to county jail. We further order him discharged from custody and released from the bond set by this Court on September 4, 2019.


Julie Countiss
Justice

Panel consists of Justices Keyes, Goodman, and Countiss

---

satisfy either requirement. *See* TEX. FAM. CODE ANN. §9.012; *Richardson*, 528 S.W.3d at 161.