

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00221-CV

IN RE MICHAEL ANDERSON, RELATOR

ORIGINAL PROCEEDING

August 28, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator, Michael Anderson, seeks a writ of mandamus compelling the Honorable Brent Hill, judge of the 367th District Court of Denton County, Texas,[1] to modify its contempt order signed on February 25, 2025. We invited Mother, J.H., and the Office of the Attorney General to respond; they declined. We conditionally grant the petition.

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

**BACKGROUND**

Relator and Mother are parents of G.A., a minor child. Following a jury trial in their suit affecting the parent-child relationship, the trial court signed an order on November 20, 2023, requiring Relator to pay child support, medical support, dental support, retroactive child support of $45,000, and $52,000 in attorney's fees. Eight months later, Mother filed a motion to enforce when Relator failed to make some required payments.

On February 25, 2025, following an enforcement hearing, the trial court found Relator in civil and criminal contempt on 33 violations of the November 2023 order:

- Failed to pay monthly child support on seven occasions from December 2023 through June 2024, with a shortfall totaling $4,963.05;

- Failed to pay monthly retroactive child support on eight occasions from December 2023 through July 2024, totaling $2,000;

- Failed to pay monthly medical support on eight occasions from December 2023 through July 2024, totaling $2,662.72;

- Failed to pay monthly dental support on eight occasions from December 2023 through July 2024, totaling $118.80; and

- Failed to timely pay the $52,000 attorney's fee judgment from the November 2023 order.

The total amount of the enumerated violations was $61,744.57. But to purge civil contempt and avoid jail,[2] Relator was ordered to pay more than double that amount – $130,477.68 – consisting of:

- $67,287.17 in child support and retroactive support arrearages, plus interest, from November 2023 through February 24, 2025;

---

[2] The court suspended the 179-day jail sentence and placed Relator on 120 months of community supervision. The supervision conditions require payment of the $130,477.68 purge amount plus interest.

- $5,946.15 in medical support arrearages from November 2023 through February 24, 2025;

- $244.36 in dental support arrearages from November 2023 through February 24, 2025;

- $52,000 in attorney's fees from the prior judgment; and

- $5,000 in attorney's fees for the current proceeding.

## ANALYSIS

Standards and Relief

When a contemnor faces confinement, mandamus is the proper vehicle to challenge a contempt order. The relator must show the trial court abused its discretion. *In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding).

Here, the trial court assessed a single 179-day civil contempt sentence for all violations. A contempt order that imposes a single penalty for multiple violations is void in its entirety if at least one violation is invalid. *In re Henry*, 154 S.W.3d 594, 598 (Tex. 2005) (orig. proceeding).[3] This principle prevents trial courts from combining valid and invalid contempt findings under a single penalty, as appellate courts cannot sever invalid

---

[3] Had the commitment order identified a discrete penalty for each failure to comply, our result might be different. *See In re Henry*, 154 S.W.3d at 598. And, of course, nothing prevents the trial court from issuing a new commitment order that imposes a different civil contempt sentence on different terms. *Id.* at 598, n. 3. It is unnecessary to decide the validity of such an order today.

portions without usurping the trial court's role in determining the appropriate sanction for each specific violation.

Relator does not challenge the underlying contempt findings for 32 violations that were properly noticed, involving failure to fully pay child, medical, and dental support from December 2023 through July 2024. However, he challenges two aspects of the court's order: (1) being subject to incarceration for failing to pay $52,000 in attorney's fees from the November SAPCR order that were not expressly designated for child support collection; and (2) the lack of adequate notice regarding alleged violations that occurred after July 2024. These issues are critical because the court's purge conditions require payment of amounts extending beyond the proven violations, effectively conditioning Relator's release from potential incarceration on satisfying obligations that are not enforceable by contempt or for which he received no prior notice.

Attorney's Fees

In his first issue, Relator argues he cannot be incarcerated for failing to pay the $52,000 attorney's fee judgment signed in November 2023 because those fees were not awarded for child support enforcement but as part of the underlying modification case. The Texas Constitution prohibits imprisoning a person for debt. TEX. CONST. art. I, § 18; *Ex parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993).

The Texas Family Code draws a critical distinction between two types of attorney's fees available in family law cases. In suits affecting the parent-child relationship, trial courts may "render judgment for reasonable attorney's fees and expenses," and such fees may be enforced "by any means available for the enforcement of a judgment for

4

debt." TEX. FAM. CODE ANN. § 106.002(a), (b).  While such fees create a debt obligation subject to traditional civil remedies, they are not enforceable by imprisonment.  *Tucker v. Thomas*, 419 S.W.3d 292, 298 (Tex. 2013); *In re K.D.*, No. 02-19-00409-CV, 2020 Tex. App. LEXIS 213, at *6 (Tex. App.—Fort Worth Jan. 9, 2020, orig. proceeding).

By contrast, Chapter 157 of the Family Code authorizes contempt enforcement for attorney's fees "awarded in proceedings to enforce child support payments."  TEX. FAM. CODE ANN. § 157.167(a).  Such enforcement-specific fees are not considered a debt and may be enforced through contempt.  *In re Henry*, 154 S.W.3d at 596 (Tex. 2005); *In re McLaurin*, 467 S.W.3d 561, 565 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Here, the November 2023 SAPCR order awarded Mother $52,000 in attorney's fees as part of the overall case resolution, not specifically for child support collection.  The order states the fees were awarded for "reasonable attorney's fees, expenses, and costs incurred," without designating them as enforcement-related.  We see no support in law or in the record suggesting the award of attorney's fees as being in the nature of child support and conclude the trial court abused its discretion in ordering incarceration for Relator's failure to pay these fees.  *See Tucker*, 419 S.W.3d at 298; *In re K.D.*, 2020 Tex. App. LEXIS 213, at *6.

Inadequate Notice

Next, Relator argues he did not have adequate notice of the contemptable violations that allegedly occurred between August 2024 and February 2025, yet he faces continued incarceration until these amounts are paid as part of the court's purge conditions.

5

Before a trial court may impose contempt for conduct occurring outside the judge's presence, due process requires that the alleged contemnor receive notice of the factual allegation he is eventually held in contempt for. *In re Aslam*, 348 S.W.3d 299, 303 (Tex. App.—Fort Worth 2011, orig. proceeding) (civil contempt); *In re K.D.*, 2020 Tex. App. LEXIS 213, at *6 (criminal contempt). Pursuant to TEX. FAM. CODE ANN. § 157.002(b), a motion for enforcement of child support seeking a contempt finding must "include the portion of the order allegedly violated and, *for each date of alleged contempt*, the amount due and the amount paid, if any." (emphasis added). Simply put, Relator may not be found in contempt for alleged violations unless such facts are specifically pleaded in the motion for enforcement. *See In re Loyd*, No. 02-24-00266-CV, 2024 Tex. App. LEXIS 4564 at *4 (Tex. App— Fort Worth June 28, 2024, orig. proceeding); *In re Aslam*, 348 S.W.3d at 303.

Here, the motion for enforcement alleged violations only through July or August 2024. No pleading provided notice of alleged violations beyond that date. Nevertheless, the trial court's purge conditions require Relator to pay child support arrearages through February 25, 2025. While the court did not explicitly find Relator in contempt for post-August 2024 violations, it effectively subjects him to continued incarceration based on alleged violations for which he received no notice of contempt proceedings. The court cannot use contempt's coercive power to compel payment for periods that were never properly brought before the court. The trial court therefore abused its discretion.

6

## CONCLUSION

Because one or more violations in the trial court's February 25, 2025 contempt order is invalid, the order is void in its entirety. *In re Henry*, 154 S.W.3d at 598. We conditionally grant the writ of mandamus. We are confident that the trial court will vacate its February 25 "Order Holding Respondent in Contempt for Failure to Pay Child Support, Medical Support and Dental Support, Granting Judgment, and for Commitment to County Jail." Our writ of mandamus will issue only if the trial court fails to comply with the directive of this Court by September 29, 2025.

Lawrence M. Doss
Justice

7