**Ex Parte Marion Wayne NEFF, Relator.**

No. 17834.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 8, 1976.

Handy & Morgan, Inc., and James R. Handy, Hurst, for relator.

Wynn, Brown, McConnico, Mack, Renfro & Thompson, Darrell W. Wood, Fort Worth, for Wilma G. Neff.

OPINION

BREWSTER, Justice.

This is an original habeas corpus proceeding. The relator, Marion Wayne Neff, seeks to be discharged from the custody of the sheriff where he had been placed by an order of the Domestic Relations Court No. 4

of Tarrant County, which order committed him to jail for contempt.

That court on July 16, 1975, had rendered a decree granting the respondent, Wilma Neff, a divorce from relator. The decree made her managing conservator of their child born on February 5, 1958, who was at the time of the decree seventeen years old. Relator was ordered to pay child support for the child and he did pay all of such child support as ordered. The boy is now 18.

The divorce decree recited that the parties had agreed to the judgment and they both did approve it.

The decree also undertook to divide the property of the parties providing in that connection in part as follows: "IT IS THEREFORE ORDERED that the community property owned by the parties shall be divided as follows: Petitioner is awarded the following property: . . . (9) $17,-500.00 in lieu of property to be paid in equal payments of $175.00 each on the 1st day of each month and on the 15th day of each month, the first payment due and payable March 1, 1976, and continuing due and payable on the 1st and 15th day of each month thereafter until the total amount is paid in full." The decree awarded other items of property to respondent and some items to relator.

It is undisputed that relator has not made any of the $175.00 bimonthly payments provided for by the provision of the judgment just referred to.

The respondent in August, 1976, filed a contempt motion seeking to have Neff adjudged in contempt of court for wilfully disobeying the court order by not making the $175.00 bimonthly payments referred to.

A contempt hearing was held and at its conclusion the trial court held that: Neff had wilfully disobeyed the court order by not paying the $175.00 bimonthly payments ordered; he was on the date of the hearing $2,250.00 behind; and that he was able to comply with the order. The court held Neff in contempt of court, ordered him to jail for 30 days and until he paid all of the accrued payments ($2,250.00).

Pursuant to the order, Neff was placed in jail. He filed this action seeking to be discharged from the custody of the sheriff.

We hold that the contempt order was void and discharge relator from custody of the sheriff.

Relator's first point of error is that the trial court erred in holding him in contempt and in ordering his confinement in jail because such action results in a violation of his Constitutional rights and constitutes an imprisonment for debt in violation of Art. 1, Sec. 18 of the Texas Constitution.

We sustain that point of error.

A law review article by Judge Joe Greenhill and Martin Beirne, Jr., on this subject appears in 1 St. Mary's Law Review 9–12. It is entitled, "Habeas Corpus Proceedings in the Supreme Court of Texas."

Another good article dealing with the questions involved here is in 5 Texas Tech Law Review 645 ("Enforcing Divorce Judgments and Property Settlement Agreements in Texas", by Morton A. Rudberg). The following is stated from that article at p. 653: "The contempt remedies are available to enforce only those portions of a judgment calling for delivery of assets . . . *presently in existence* . . .." (Emphasis supplied.)

The following is from p. 654: "Inasmuch as contempt is reserved for enforcement of an order to deliver presently existing assets, it is clearly unavailable to enforce the breach of an obligation by one spouse to pay funds or deliver assets not presently existing."

The following is from p. 656: "Provisions calling for payments in the future from nonexistent or unspecified funds . . . are said to be contractual in nature. Presumably, enforcement is by subsequent suit between the parties for breach of contract."

In the case before us the Relator is not ordered to pay over funds in existence at the time of the decree or to which he then had a vested right to future payment. The decree does not specify any existing fund from which the payments were to be made. Relator is simply ordered to make future

bimonthly payments to the ex-wife who was awarded them "in lieu of property."

Nothing in the record before us indicates that the $17,500.00 or a vested right thereto was in existence at the time of the divorce decree. Whether we construe the language of the decree to mean, as the ex-wife argues, that relator was awarded property in exchange for which he was to make the future payments, or whether we construe it to mean that the ex-wife was being given the cash payments because there was not enough other property to award her, the fact remains that the divorce decree itself does not identify the $17,500.00 as funds in existence at the time of the divorce. The implication is to the contrary, since the decree did not seek to award the ex-wife an immediate interest in the funds, although it purported to divide the community property.

The burden was on respondent, Wilma Neff, to prove that the fund from which the $17,500.00 was to be paid to her by relator was in existence at the time the decree was rendered. Respondent did not meet that burden. The evidence at the hearing was all to the effect that no such fund or property existed at the time the decree was rendered from which this sum could be paid.

We hold that the effect of the divorce decree and of the agreement on which the property division decreed therein was based was to create a debt or obligation on the part of the relator, Marion W. Neff, to pay to respondent the sum of $17,500.00 in the future at the times ordered in the decree.

When the trial court adjudged Neff to be in contempt of court and ordered him to jail for not making those payments, it imprisoned him for debt in violation of Art. 1, Sec. 18 of the Texas Constitution, which provides: "No person shall ever be imprisoned for debt."

An analysis of the opinions in the following cases leads us to the conclusions that we have reached in this case: *Ex parte Preston,* 162 Tex. 379, 347 S.W.2d 938 (1961); *Ex Parte Yates,* 387 S.W.2d 377 (Tex.Sup., 1965); *Ex Parte Duncan,* 462 S.W.2d 336

(Tex.Civ.App., Houston, 1st Dist., 1970, no writ hist.); and *Ex Parte Jones,* 163 Tex. 513, 358 S.W.2d 370 (1962).

We have considered relator's remaining points of error and overrule them. We do not discuss them because our action on the first point of error controls a decision of the case.

Relator is discharged from custody. Costs are taxed against respondent, Wilma Neff.