**Ex parte Gerald Elliott JACKSON, Relator.**

**No. 6940.**

Court of Civil Appeals of Texas, El Paso.

Nov. 7, 1979.

Carl Steckelberg, Midland, for relator.

William B. Smith, Midland, for respondent.

## OPINION

OSBORN, Justice.

Relator, in this original habeas corpus proceeding, seeks his discharge from the custody of the Sheriff of Midland County. We granted the motion for leave to file the application for writ of habeas corpus and ordered his release upon the posting of a bond.

On June 4, 1979, a nunc pro tunc decree of divorce was signed by the presiding judge in the 318th Judicial District Court dissolving the marriage between Wilema Jean Jackson and Gerald Elliott Jackson. The judgment of the Court provided in part as follows:

> The Court orders that in order to balance the equities, Respondent, Gerald Elliott Jackson, is ordered to pay to Petitioner, Wilema Jean Jackson, also known as Wilema Jean Garlow, $5,000.00 for the past community debts that Petitioner has paid, as well as, for other community debts that Petitioner is to pay. Respondent is ordered to pay the $5,000.00 to Petitioner in the amount of $200.00 per month with the first payment being due in June, 1979, and the next payment being due on or before the first of each

month thereafter beginning with July 1, 1979, until such $5,000.00 is totally paid.

Relator has not complied with the above provision of the Court's judgment for monthly payments to his former wife, and on September 24, 1979, the presiding judge of the 318th District Court entered an Order of Contempt finding that Relator has not paid any of the amount he was ordered to pay, that he is $800.00 behind on such payments, and that he "is in contempt of this Court for violating the Judgment Nunc Pro Tunc First Corrected Decree of Divorce by failing to pay $800.00 as [he] was ordered to pay." · The Court further ordered that he be incarcerated in the Midland County jail for a period of ten days, and that he could purge himself by making the payment of $800.00, plus the sum of $300.00 as attorney fees and costs of suit. At the contempt hearing, the Relator testified as follows:

> Q Mr. Jackson, at the time of the divorce, approximately how much cash did you have on your persons?
>
> A Between sixty-five and seventy-five dollars, I don't recall the exact amount.
>
> .    .    .    .    .
>
> Q How much cash or cash equivalent would you say you have now?
>
> A Around forty-six dollars.

■■■ An order of confinement for failure to pay a debt violates Article I, Section 18, of the Texas Constitution, is void, and may be attacked in a habeas corpus proceeding. A judgment which provides for the payment of money to be earned in the future, rather than directing the payment of money found by the court to be in existence, is not enforceable by an order of contempt. *Ex parte Yates,* 387 S.W.2d 377 (Tex.1965). The rationale of that case has been followed in subsequent decisions which passed upon this same issue. *Ex parte Choate,* 582 S.W.2d 625 (Tex.Civ.App.—Beaumont 1979); *Ex parte Duncan,* 462 S.W.2d 336 (Tex.Civ.App.—Houston [1st Dist.] 1970); *Ex parte Neff,* 542 S.W.2d 268 (Tex.Civ.App.—Fort Worth 1976); Green-

hill and Beirne, "Habeas Corpus Proceedings in the Supreme Court of Texas," 1 *St. Mary's L.J.* 1 at 912 (1969). The controlling factor in the *Yates* decision was the fact that Mr. Yates was required to pay money that he had not yet earned. *Ex parte Juan J. Gorena,* 23 Tex.Sup.Ct.J. 32 (Oct. 20, 1979). That is likewise the controlling factor in this case.

■ The holding in *Ex parte Preston,* 162 Tex. 379, 347 S.W.2d 938 (1961), is not applicable in this case. In the *Preston* case, the trial court found Preston had the sum of $21,000.00 in his possession and ordered that money in his possession and control be paid into the registry of the court in order to permit the court to carry out its duty in making a division thereof between the parties. In our case, the Court obviously intended that the monthly payments would be made out of future income. Although the provision in the divorce decree was a valid one, it was not a provision that could be enforced by contempt. The Court's Order of Contempt in this case results in imprisonment for failure to pay a debt and is a void order.

The Relator is ordered discharged.