Ex parte Jesus CHACON, Relator.

No. 7055.

Court of Civil Appeals of Texas,
El Paso.

Oct. 29, 1980.

Marshall I. Yaker, El Paso, for relator.

John L. McKellips, El Paso, for respondent.

OPINION

OSBORN, Justice.

This is an original habeas corpus proceeding under Article 1824a, Tex.Rev.Civ.Stat. Ann. (Supp.1980). It arises from an order of the District Court committing Jesus Chacon to the El Paso County jail for contempt of court for failing to comply with a divorce decree ordering him to pay child support, awarding certain personal property to Mrs. Chacon, and ordering him to pay federal income tax arrearages. The trial court in the contempt order also directed that he pay all costs, including attorney's fees. We released the Relator on a bond pending a hearing. The writ of habeas corpus is denied, and he is now remanded to the custody of the sheriff.

The contempt order found that the Relator disobeyed the June, 1978, divorce decree which ordered him to make periodic payments for the support of his two children, and the order found that he is now in arrears in the amount of $4,550.00. The

Court set $400.00 as a reasonable fee for claimant's attorney, and found the court costs to be $70.00.

The order then adjudged Jesus Chacon to be in contempt of court, assessed a fine of $500.00, set a sentence of thirty days in jail and ordered he be further confined until he purged himself by paying $4,550.00 for child support, $400.00 for attorney's fees and $70.00 for court costs.

■ We overrule the attack upon this part of the contempt order. There is sufficient specificity to establish the exact conduct which constituted the contempt. The divorce decree ordered Jesus Chacon to pay support for his two minor children "in the sum of $162.50 per month per child until each of such children reaches the age of eighteen (18) years of age * * *." The motion for contempt quoted the exact language of the divorce decree as to support payments, and it further stated specific months for which payments had not been made.

The contempt order sets forth the Court's finding on this issue as follows:

1) On the 8th day of June, 1978, Respondent was ordered to make periodical payments for the support of two children, which order appears of record in volume 1, page 604, of the minutes of this Court.

2) Respondent has contemptuously disobeyed the order by failing to make periodical payments as ordered and is now in arrears in the amount of $4,550.00, and that Respondent was and is able to comply with the order and should be held in contempt of court.

By such finding, the Court noted its judgment providing for child support payments; it found a contemptuous disobeyance of the judgment, and found the amount of arrearage due and that Relator was able to pay. The contempt order directed his confinement beyond the criminal sentence until that amount and the attorney's fees and costs are paid. Such order meets the requirements set forth in *Ex parte Proctor*, 398 S.W.2d 917 (Tex.1966), where the Court concluded its opinion by saying:

In the instant case, if the court had found that the relator was delinquent in the amount of $550 in support payments ordered to be paid in its judgment of December 22, 1964, and if the court had further found him in contempt and had committed him to jail for three days and until he had paid the $550 and court costs, the relator could have been held until he made such payments.

The provision for attorney's fees and court costs does not make the order void and does not result in imprisonment for a debt. *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184 (1953); *Ex parte McNemee*, 605 S.W.2d 353 (Tex.Civ.App.–El Paso, 1980); *Ex parte McManus*, 589 S.W.2d 790 (Tex.Civ.App.–Dallas 1979); *Ex parte Myrick*, 474 S.W.2d 767 (Tex.Civ.App.–Houston [1st Dist.] 1971).

This part of the order is separate and unrelated to the other parts of the order. The Court has found one separate act of contempt, i. e., failure to pay support, and has fixed the penalty for this offense. *Ex parte Genecov*, 143 Tex. 476, 186 S.W.2d 225 (1945). Thus, we conclude that this particular part of the order is not void and may not be set aside. We overrule Points of Error III, IV and V and order Relator remanded to the sheriff until he pays his fine of $500.00 and serves his thirty days in jail, and further until he pays $4,550.00 in child support plus attorney's fees of $400.00 and $70.00 for court costs.

The Relator also complains that the Court erred in holding him in contempt for failure to pay $8,000.00 for past due income taxes to the Internal Revenue Service and for failure to deliver to his wife certain personal property which had been awarded to her in the divorce. We sustain both contentions.

■ To confine Relator for failure to pay taxes would amount to confinement for failure to pay a debt in violation of Article I, sec. 18, Texas Constitution. Payment of federal taxes is in the nature of a debt owed the United States government. *Damsky v. Zavatt*, 289 F.2d 46 (2d Cir. 1961); *U.S. v. Havner*, 101 F.2d 161 (8th Cir. 1939).

The Court did not find that funds in the amount ordered to be paid were in existence and order such specific funds used to pay the debts. A judgment which provides for the payment of money to be earned in the future, rather than directing payment of money found by the court to be in existence, is not enforceable by an order of contempt. *Ex parte Yates*, 387 S.W.2d 377 (Tex.1965); *Ex parte Jackson*, 590 S.W.2d 775 (Tex.Civ.App.–El Paso 1979). We sustain Point of Error I.

■ With regard to the furniture and other personal property, the divorce decree did not describe the particular items awarded to Mrs. Chacon. It only generally awarded her all household furnishings, appliances and fixtures located at a named address. The order did not direct Mr. Chacon to "deliver" such personal property to her. He may not be held in contempt for withholding furniture and furnishings which have never been identified or specified and without more specificity than the general description used in the divorce decree in this case. Point of Error II is sustained.

The application for writ of habeas corpus is denied, and Relator is remanded to the custody of the Sheriff of El Paso County, Texas, in accordance with this opinion and judgment in this case.