### Ex parte Rois Merle THOMAS.

### No. 17825.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 11, 1980.

Rehearing Denied Jan. 8, 1981.

**214**

Warren G. King, Houston, for appellant.

Wiley Thomas, Angleton, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

WARREN, Justice.

This is an original writ of habeas corpus proceeding seeking relief from an order of commitment.

Rois Merle Thomas and Amy Elephair Thomas were divorced in December of 1979. In order to adjust the property rights between the parties, Amy Thomas was awarded judgment against relator for the sum of $16,000, to be paid by relator as follows: the sum of $10,000 was to be paid on or before January 18, 1980 and the remainder was to be paid in twelve consecutive monthly installments of $500 each, beginning in January of 1980. Relator paid nothing on this obligation and respondent filed a motion for contempt.

After the hearing on the motion for contempt, relator was adjudged to be in contempt and his punishment was assessed at thirty days in jail and for as long thereafter as the cash payments to the wife were not made. The court in the contempt decree further ordered that the payments were to be made by relator from a fund relator received as an award in a condemnation proceeding. It is undisputed that the fund was the separate property of relator.

We hold that relator may not be held in contempt for failing to make money payments to the wife, as ordered in the original decree, because the effect of the order was to create a debt. To hold him in contempt and order him to jail for nonpayment of a debt is in violation of the Texas Constitution; Vernon's Ann.St.Const. art. 1, § 18.

*Ex Parte Yates*, 387 S.W.2d 377 (Tex.1965), *Ex Parte Neff*, 542 S.W.2d 268 (Tex.Civ. App.–Ft. Worth 1976, no writ); *Ex Parte Jackson*, 590 S.W.2d 775 (Tex.Civ.App.–El Paso 1979, no writ).

Respondent contends that the award of money to a wife in the division of a community property estate does not create a debt and enforcement of the payment through contempt does not violate Article 1, Section 18 of the Texas Constitution. In support of her contention, respondent relies on *Ex Parte Preston*, 162 Tex. 379, 347 S.W.2d 938, (1961) and *Ex Parte Sutherland*, 526 S.W.2d 536 (Tex.1975).

In *Ex parte Preston*, supra, the respondent filed suit for divorce and by ex parte temporary order the relator was restrained from disposing of any of the community property. Prior to service of the restraining order, relator sold community real estate for $21,705.58. At the hearing on the temporary restraining order, relator was again restrained from disposing of any community assets and was ordered to pay $21,000 into the registry of the court on or before March 9, 1961. On March 9, the relator appeared in court and failed to produce the $21,000. The court held relator in contempt but deferred determination of the punishment until the trial on the merits. On April 17, the court, at the trial on the merits, granted Mrs. Preston a divorce and awarded her $10,000 cash in addition to other community assets. The court then proceeded to hear testimony regarding the punishment for contempt.

Relator, who claimed the $21,000 had been flushed into the sewer system of Ft. Worth, was held in contempt for failing to produce the fund, and it was ordered that he be confined in jail for three days and thereafter until he produced and delivered the sum of $10,000 to the clerk for the use and benefit of Mrs. Preston. The Supreme Court of Texas held that the $10,000 award to wife was not a debt within the constitutional prohibition against imprisonment for debt because the relator was not a debtor but a constructive trustee of community assets.

There are two facts which distinguish the *Preston* case from ours. First, in that case the trial court recognized at the time of the divorce hearings that there was a community fund in existence which was under the relator's control. The fund was ordered paid into the registry of the court to secure payment of the wife's share. Relator's failure to do this was the basis of his being held in contempt. Secondly, the court ordered the division of the existing community assets and allowed relator the opportunity to purge himself by paying the wife her share, which amounted to $10,000. In our case there was no order to pay a fund then in existence into the registry of the court to secure payment and the fund which could possibly have been impounded was the separate property of relator and not community assets. The decree in our case simply ordered relator to make future payments of money to respondent in order to adjust the property rights of the parties; an order which is valid but unenforceable by means of contempt. *Ex Parte Jackson*, supra.

In *Ex Parte Sutherland*, 515 S.W.2d 137 (Tex.Civ.App.–Texarkana 1974, writ dism'd), the trial court had held that "navy retainer pay" was a vested community property right, much like that of retirement pay and ordered relator to pay over to the wife ½ of the payments received in the future. Relator did not appeal, but after being held in contempt for failing to comply with the order, he filed an original writ of Habeas Corpus with the Texarkana Court of Civil Appeals. That court held that irrespective of the merits of relator's proposition, relator's action amounted to a collateral attack on the judgment because relator neither established that the court lacked jurisdiction nor that the order was beyond the power of the trial court. The court further held that the court's ordering ½ of the future "retainer pay" to be paid over to wife did not constitute alimony or a judgment for debt. The Supreme Court of Texas agreed with the Texarkana Court and held that the judgment was not subject to collateral attack. However, the court, although expressly stating that it was not saying that the determination made by the

trial court was necessarily correct, did by way of dicta compare the vested rights of a wife to retainer pay with the "earned" rights she would be entitled to in the disability retirement pay of a husband. *Ex Parte Sutherland*, 526 S.W.2d 536 (Tex. 1975). The courts in the *Sutherland* cases were considering the division of an "earned" or "vested" community interest in future payments to be made by a third party. The facts are not analagous to our case.

Relator also contends that he is being held for nonpayment of attorneys fees; however, the order does not say this nor does it have this effect. This contention is overruled.

The relator is ordered discharged.