**Ex parte Donald C. POWELL.**

**No. 69044.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 17, 1982.

John C. Mallios, Dallas, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an original habeas corpus application filed pursuant to Article 5, Sec. 5, Texas Constitution. Petitioner was held in contempt of court under circumstances described in the district court's Order of Contempt and its Judgment of Contempt and Order of Commitment:

### "ORDER OF CONTEMPT

"BE IT REMEMBERED that on this the 16th and 19th days of July, 1982, the said Court being in session and the above-entitled and numbered cause then being heard, the person by name of DONALD C. POWELL did then and there commit the following acts, to wit:

"On July 16, 1982, in response to repeated requests of counsel for Movant Patricia L. Powell that Donald C. Powell specifically account for his disbursement of $92,000.00 which he had received from the sale of property at 2405 No. Haskell in Dallas, Texas, Donald C. Powell stated under oath that he could not remember how he had disposed of $34,000.00 of the sale proceeds. Then on July 19, 1982, after counsel for Movant again requested that he specifically account for the $92,-000.00 in proceeds, Donald C. Powell stated under-oath that he could not account for $28,000.00 of the proceeds. Whereupon this Court itself addressed Donald C. Powell and demanded that he state how he had disposed of this $28,000.00. Donald C. Powell replied that he had given $28,000.00 in cash to his girlfriend Traci Jo Huntsman/Powell.

"By lying under oath before this Court, Donald C. Powell did thereby willfully interrupt the business of the Court and impair the respect due to its authority. The Court, having the duty to require that proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done, and the said Donald C. Powell being now still present, it is ordered and adjudged that he, the said Donald C. Powell, is in direct contempt of this Court in so committing said acts and it is further ORDERED that the said DONALD C. POWELL be punished by confinement in the Dallas County Jail for ten (10) days and thereafter until he pays the sum of $28,000.00 into the registry of the Court, and that the said DONALD C. POWELL be remanded to the Sheriff of Dallas County, Texas, accompanied by certified copy of this Order of Contempt, until said DONALD C. POWELL be discharged therefrom according to law."

### "JUDGMENT OF CONTEMPT AND

### ORDER OF COMMITMENT

"On the 16th day of July, 1982, came on to be heard the motion in aid of judgment filed herein by Patricia L. Ball, Movant.

"After examining all the pleadings and hearing the evidence and arguments of counsel, the Court finds and now holds that this Court has jurisdiction of this proceeding; that the motion in aid of judgment filed herein is in all respects proper and sufficient; and that Donald C. Powell was afforded due and proper notice of these proceedings. All parties appeared in person and by their attorneys.

"The Court further finds that Donald C. Powell is guilty of direct contempt of court for lying under oath before this Court in the following particulars:

"Donald C. Powell, Respondent, was called to testify regarding the disposal of assets by him since the decree of divorce in this cause was entered by this Court on

May 7, 1982. Donald C. Powell stated under oath before this Court that he could not account for $34,000.00 of the $92,000.00 in proceeds which the Respondent had received from the sale of property at 2405 N. Haskell in Dallas, Texas. When the hearing on Movant's motion in aid of judgment continued on July 19, 1982 before this Court, counsel for Movant repeatedly requested that Respondent specifically account for all proceeds from the sale of the 2405 N. Haskell property. Respondent stated under oath that he could not account for $28,000.00 of the $92,000.00 in proceeds. Whereupon, this Court itself demanded that Respondent state how he had disposed of this $28,000.00 which remained unaccounted for. Respondent replied that he had given $28,000.00 in cash to his girlfriend, Traci Jo Huntsman/Powell.

"IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by the Court that Respondent Donald C. Powell is in direct contempt of this Court for the separate false statements which he made under oath before this Court on July 16 and 19, 1982.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that, as punishment for such direct contempt, the Respondent, Donald C. Powell, be and is ordered placed in the jail of Dallas County, Texas for a period of ten (10) days and thereafter to remain until he purges himself of his contempt by paying the sum of $28,000.00 into the registry of this Court.

"IT IS FURTHER ORDERED that a capias be issued commanding the Sheriff of Dallas County, Texas to arrest Donald C. Powell and place him in the county jail in Dallas County, Texas, and there safely keep him until he has served the punishment period above ordered, and until he has purged himself of such contempt as above directed, at which time the Sheriff shall release him from custody.

"IT IS FURTHER ORDERED that said capias shall recite generally the proceedings in this case, and that it shall be accompanied by a certified copy of this judgment to be served upon Donald C. Powell as further evidence of the Sheriff's authority.

"IT IS FURTHER ORDERED that the costs of this proceeding shall be, and they are assessed against Donald C. Powell for which execution may issue."

These instruments reflect two distinct commitments. First petitioner is ordered confined for ten days as punishment for the false statements he made to the court. No challenge is made to this portion of the contempt order and judgment.

The second portion orders petitioner confined until he purges himself of contempt by paying $28,000 into the registry of the court. From the scant record related to this portion of the court's order, it appears to be an attempt to secure payment of a portion of the judgment awarded against petitioner in the property award of the divorce decree. In disposing of petitioner's challenge to the validity of this portion of the contempt judgment, we agree with the holding in *Ex parte Thomas,* 610 S.W.2d 213 (Tex.Civ.App.—Houston [1st], 1980):

> "We hold that relator may not be held in contempt for failing to make money payments to the wife, as ordered in the original decree because the effect of the order was to create a debt. To hold him in contempt and order him to jail for nonpayment of a debt is in violation of the Texas Constitution; Vernon's Ann.St. Const. art. 1, § 18. *Ex parte Yates,* 387 S.W.2d 377 (Tex.1965); *Ex parte Neff,* 542 S.W.2d 268 (Tex.Civ.App.—Ft. Worth 1976, no writ); *Ex parte Jackson,* 590 S.W.2d 775 (Tex.Civ.App.—El Paso 1979, no writ)."

We hold the portions of the Order of Contempt and the Judgment of Contempt directing that petitioner be held in jail until he purge himself of contempt by paying $28,000 into the registry of the court are void and unenforceable. We do not disturb the portions of those instruments ordering petitioner confined for ten days for his contemptuous conduct in the presence of the court.

Relief is granted in part and denied in part.

CLINTON, Judge, concurring.

Because the Court points out that the first commitment to confinement for ten days as punishment for "the false statements he made to the court" is not challenged by applicant, it seems to me that we should not then characterize that as "his contemptuous conduct in the presence of the court." Whether lying under oath while testifying is contemptuous conduct seems unsettled in Texas and not all that clear in other jurisdictions. See, e.g., Perjury or False Swearing as Contempt, 89 A.L. R.2d 1258; *Matusow v. U.S.*, 229 F.2d 335 (CA5 1956): Perjury alone will not sustain a conviction for contempt; misbehavior constituting obstruction of the court must also be established. Accord: 17 C.J.S. 58, Contempt § 24.

Otherwise I join the opinion of the Court.

DALLY, McCORMICK and TEAGUE, JJ., join.