NO. 07-09-0165-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 30, 2010

_____

BEVERLY J. SHUMATE, APPELLANT

V.

MIKE C. SHUMATE, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 71,813-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Beverly J. Shumate, appeals from the trial court's order granting summary judgment in favor of Appellee, Mike C. Shumate, in her action for enforcement of their final decree of divorce. By a sole issue, she contends the trial court erred in granting summary judgment and refusing to enforce or clarify the decree. We affirm.

## Procedural Background

On July 29, 2006, the trial court signed the parties' final decree of divorce. Relevant to this appeal is the following portion of the decree:

> IT IS ORDERED AND DECREED that the husband, MIKE C. SHUMATE, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:
>
> H-1    The following debts, charges, liabilities, and obligations:
>
> 1. Debt owed to American Express Open Business Account;
>
> 2. Debt owed to Citi Advantage Visa Signature credit card;
>
> 3. Debt owed to Citi Platinum Select credit card;
>
> * * *
>
> 12. Southwest Airlines Chase Visa credit card #5505.
>
> IT IS ORDERED that MIKE C. SHUMATE shall make every effort possible to transfer the above listed credit card accounts into his name only, and remove BEVERLY J. SHUMATE'S name from any such accounts.

On October 17, 2006, Appellant filed her *Petition for Enforcement of Final Decree of Divorce* in which she alleged that Appellee had violated the terms of the decree by failing to pay the amounts due on the above-referenced credit cards for the months of May 2006, June 2006, July 2006, August 2006, and September 2006. She requested that Appellee be held in contempt, jailed, and fined for the alleged violations. She also

2

sought a money judgment for the unpaid balances and "if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt," she sought a clarifying order "restating the terms . . . in a manner specific enough to allow enforcement by contempt . . . ."

Appellee filed a traditional motion for summary judgment alleging he was entitled to judgment as a matter of law because there were no genuine issues of material fact. He further alleged the credit card obligations were not enforceable by contempt and he cannot be considered a constructive trustee of any community assets regarding those obligations. The motion is supported by affidavits and answers to interrogatories reflecting that no payments have been made on the credit cards since May 2006.

Appellant filed a response to Appellee's motion alleging the uncontroverted evidence (Appellee's Amended Responses to Requests for Admissions in which he admitted he had not made any payments on the credit card accounts) established he was in contempt of the court's order and requested that summary judgment be denied. Based on affidavits and discovery, the trial court granted Appellee's motion for summary judgment.

By a sole issue, Appellant maintains the trial court erred in granting summary judgment.[1] We disagree.

## Standard of Review

We review the trial court's granting of a summary judgment *de novo. Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In our review, we apply these well established rules:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*See American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997), citing *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548-49 (Tex. 1985).

---

[1] A general assignment of error in granting summary judgment is permitted. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

For a party to prevail on a motion for summary judgment he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005).  A movant must either prove all essential elements of his claim, *MMP, Ltd. v. Jones*, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action.  *Shaw v. Moss*, 67 S.W.3d 836 S.W.3d 842 (Tex. 2001); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).  Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment.  *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979); *Barbouti v. Hearst Corp.*, 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied).  Issues that the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence.  *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).  Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal.  Tex. R. Civ. P. 166a(c).  Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court.  *Casso v. Brand*, 776 S.W.2d at 553.  When a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal

5

if any of the grounds presented in the motion are meritorious. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

**Analysis**

As a general rule, a person who willfully disobeys a valid court order is guilty of contempt and subject to imprisonment for a prescribed period and until he complies with the order. *Ex parte Gorena*, 595 S.W.2d 841 (Tex. 1979). Relying on *Ex parte Hall*, 854 S.W.2d 656 (Tex. 1993), Appellant argues she was entitled to have the merits of her case heard because the granting of summary judgment in favor of Appellee was improper given his admission of failure to comply with the terms of the decree by failing to pay certain third-party debts. *Ex parte Hall,* however, involved an order to pay spousal and child support which is statutorily enforceable by contempt. *Id.* at 658. An order to pay a debt, however, is not generally enforceable through contempt because it violates Article I, § 18 of the Texas Constitution's prohibition against imprisonment for failure to pay a debt.[2]

_____

[2] Article I, § 18 provides "[n]o person shall ever be imprisoned for debt."

The fact that a party to a divorce was ordered to pay an obligation owed to a third-party, as part of the division of the community estate, does not transform that obligation into one enforceable by coercive contempt. *See In re Henry,* 154 S.W.3d 594 (Tex. 2005) (husband's obligation to pay past-due property taxes, imposed as a part of the division of community property, was an order to pay a debt owed to a third-party and, therefore, not enforceable by confinement for contempt because to do so would violate Article I, § 18 of the Texas Constitution's prohibition against imprisonment for failure to pay a debt). In deciding whether a spouse's obligation to pay a third-party debt was enforceable by contempt, the Supreme Court distinguished those situations where specific funds to pay the debt existed, or where particular community property from which the debt was to be paid was specified. In each of those situations, the spouse being awarded the property holds that property as a constructive trustee for the benefit of the other spouse. In such a situation, failure to surrender that property pursuant to the divorce decree would be enforceable by contempt because it is not considered payment of a debt. *Id.* at 597. The surrendering spouse is not paying a debt, but rather turning over property rightfully due another under the terms of the divorce decree. *Id.*

In the underlying case, the divorce decree did not specify what funds would be used to pay the credit card debt or if funds were available to do so. Without identification of existing funds, Appellee is not a constructive trustee holding property

7

that rightfully belongs to Appellant. Resultantly, Appellee's obligation to make credit card payments is merely a debt owed to the credit card companies. *See generally Ex parte Chacon*, 607 S.W.2d 317, 319 (Tex.Civ.App.--El Paso 1980, orig. proceeding) (noting that payment of federal taxes is in the nature of a debt owed the government). The fact that the obligation was imposed under the divorce decree does not transform the obligation into one enforceable by contempt. *In re Henry*, 154 S.W.3d at 597-98. We conclude that the imposition of certain credit card obligations on Appellee in the divorce decree constitutes debts which are unenforceable by confinement for contempt. *See Ex parte Chacon*, 607 S.W.2d at 319 (a judgment which provides for the payment of money to be earned in the future, rather than directing payment of money found by the court to be in existence, is not enforceable by contempt).

Appellant also sought a money judgment from Appellee for the unpaid balances on the credit cards. Notwithstanding that the decree provided for indemnification, Appellant has not demonstrated she paid any credit card debt imposed on Appellee by the decree. The debts are an obligation owed to the credit card companies and not to Appellant. *See generally Rush v. Montgomery Ward*, 757 S.W.2d 521, 523 (Tex.App.--Houston [14th Dist.] 1988, writ denied) (recognizing that Texas courts have consistently held that a division of the community estate may not prejudice the rights of creditors to satisfy a community debt). Consequently, Appellant was not entitled to a money judgment.

8

Appellant also asserted by her motion for new trial that the trial court's summary judgment did not dispose of all her claims to enforce the decree. Although she sought a clarification order in her petition for enforcement, it was conditioned upon the trial court finding that if any part of the order sought was not specific enough to be enforced by contempt, it be clarified. The trial court could not have made such a finding because the relief sought by Appellant is prohibited by Article I, § 18 of the Texas Constitution. We conclude the trial court did not err in granting Appellee's motion for summary judgment and overrule Appellant's sole issue.

Accordingly, the trial court's summary judgment is affirmed.


Patrick A. Pirtle
Justice