NO. 07-09-0165-CV

IN THE COURT OF
APPEALS

FOR THE SEVENTH
DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 30,
2010

______________________________

 

BEVERLY J. SHUMATE,
APPELLANT

V.

MIKE C. SHUMATE,
APPELLEE

_________________________________

FROM THE 108TH
DISTRICT COURT OF POTTER COUNTY;

NO. 71,813-E;
HONORABLE DOUGLAS WOODBURN, JUDGE

_______________________________

 

Before QUINN, C.J., and HANCOCK and
PIRTLE, JJ.

OPINION

            Appellant,
Beverly J. Shumate, appeals from the trial court's order granting summary
judgment in favor of Appellee, Mike C. Shumate, in her action for enforcement
of their final decree of divorce.  By a
sole issue, she contends the trial court erred in granting summary judgment and
refusing to enforce or clarify the decree. 
We affirm.  

Procedural Background

            On July 29, 2006, the trial court
signed the parties' final decree of divorce. 
Relevant to this appeal is the following portion of the decree:

IT IS
ORDERED AND DECREED that the husband, MIKE C. SHUMATE, shall pay, as a part of
the division of the estate of the parties, and shall indemnify and hold the
wife and her property harmless from any failure to so discharge, these items:

H-1      The following debts, charges, liabilities,
and obligations:

            1. Debt owed to American Express
Open Business Account;            

            2. Debt owed to Citi Advantage Visa
Signature credit card;

            3. Debt owed to Citi Platinum Select
credit card; 

* * *

         12. Southwest Airlines Chase Visa
credit card #5505.

 

IT IS
ORDERED that MIKE C. SHUMATE shall make every effort possible to transfer the
above listed credit card accounts into his name only, and remove BEVERLY J.
SHUMATE'S name from any such accounts.

 

            On October 17, 2006,
Appellant filed her Petition for Enforcement
of Final Decree of Divorce in which she alleged that Appellee had violated
the terms of the decree by failing to pay the amounts due on the
above-referenced credit cards for the months of May 2006, June 2006, July 2006,
August 2006, and September 2006.  She
requested that Appellee be held in contempt, jailed, and fined for the alleged
violations.  She also sought a money
judgment for the unpaid balances and "if the Court finds that any part of
the order sought to be enforced is not specific enough to be enforced by
contempt," she sought a clarifying order "restating the terms . . .
in a manner specific enough to allow enforcement by contempt . . . ."

            Appellee filed a
traditional motion for summary judgment alleging he was entitled to judgment as
a matter of law because there were no genuine issues of material fact.  He further alleged the credit card obligations
were not enforceable by contempt and he cannot be considered a constructive
trustee of any community assets regarding those obligations.  The motion is supported by affidavits and
answers to interrogatories reflecting that no payments have been made on the
credit cards since May 2006.

            Appellant filed a
response to Appellee's motion alleging the uncontroverted evidence (Appellee's
Amended Responses to Requests for Admissions in which he admitted he had not
made any payments on the credit card accounts) established he was in contempt
of the court's order and requested that summary judgment be denied.  Based on affidavits and discovery, the trial court
granted Appellee's motion for summary judgment.

            By a sole issue,
Appellant maintains the trial court erred in granting summary judgment.[1]  We disagree. 
 

Standard of Review

            We review
the trial court=s granting of a summary judgment de
novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  In our review, we apply these well
established rules:

1.  The movant
for summary judgment has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law.

2.  In deciding
whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true.

3.  Every
reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor.

 

See American Tobacco Co., Inc. v.
Grinnell, 951 S.W.2d
420, 425 (Tex. 1997), citing Nixon v. Mr. Property Management,
690 S.W.2d 546, 548-49 (Tex. 1985).      

            

            For a party
to prevail on a motion for summary judgment he must conclusively establish the
absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Browning v. Prostok, 165 S.W.3d 336, 344 (Tex.
2005).  A movant must either prove all
essential elements of his claim, MMP,
Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential
element of the non-movant's cause of action. 
Shaw v. Moss, 67 S.W.3d 836 S.W.3d 842 (Tex.
2001); Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644
(Tex. 1995).  Once the movant has
established a right to summary judgment, the non-movant has the burden to
respond to the motion for summary judgment and present to the trial court any
issues that would preclude summary judgment. 
Casso v. Brand, 776 S.W.2d 551, 556 (Tex.
1989); City of Houston v.
Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti
v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996,
writ denied).  Issues that the
non-movant contends preclude the granting of a summary judgment must be
expressly presented to the trial court by written answer or other written
response to the motion and not by mere reference to summary judgment
evidence.  McConnell v. Southside
School Dist., 858 S.W.2d 337, 341 (Tex. 1993).  Issues not expressly presented to the trial
court in writing shall not be considered on appeal as grounds for
reversal.  Tex. R. Civ. P. 166a(c).  Further, all theories in support of or in
opposition to a motion for summary judgment must be presented in writing to the
trial court.  Casso v. Brand, 776 S.W.2d at 553. 
When a summary judgment does not specify or state the grounds relied on,
the summary judgment will be affirmed on appeal if any of the grounds presented
in the motion are meritorious.  Western Investments, Inc. v. Urena, 162 S.W.3d 547, 550
(Tex. 2005); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

Analysis

            As a general rule, a person who
willfully disobeys a valid court order is guilty of contempt and subject to
imprisonment for a prescribed period and until he complies with the order.  Ex
parte Gorena, 595 S.W.2d 841 (Tex. 1979). 
Relying on Ex parte Hall, 854
S.W.2d 656 (Tex. 1993), Appellant
argues she was entitled to have the merits of her case heard because the granting
of summary judgment in favor of Appellee was improper given his admission of
failure to comply with the terms of the decree by failing to pay certain
third-party debts.  Ex parte Hall, however, involved an order to pay spousal and child
support which is statutorily enforceable by contempt.  Id.
at 658.  An order to pay a debt, however,
is not generally enforceable through contempt because it violates Article I, § 18 of the Texas Constitution's
prohibition against imprisonment for failure to pay a debt.[2]

            The
fact that a party to a divorce was ordered to pay an obligation owed to a
third-party, as part of the division of the community estate, does not
transform that obligation into one enforceable by coercive contempt.  See In
re Henry, 154 S.W.3d 594 (Tex. 2005) (husband's obligation to pay past-due
property taxes, imposed as a part of the division of community property, was an
order to pay a debt owed to a third-party and, therefore, not enforceable by
confinement for contempt because to do so would violate Article I, § 18 of the
Texas Constitution's prohibition against imprisonment for failure to pay a
debt).  In deciding whether a spouse's
obligation to pay a third-party debt was enforceable by contempt, the Supreme
Court distinguished those situations where specific funds to pay the debt
existed, or where particular community property from which the debt was to be
paid was specified.  In each of those
situations, the spouse being awarded the property holds that property as a
constructive trustee for the benefit of the other spouse.  In such a situation, failure to surrender
that property pursuant to the divorce decree would be enforceable by contempt
because it is not considered payment of a debt. 
Id. at 597.  The surrendering spouse is not paying a debt,
but rather turning over property rightfully due another under the terms of the divorce
decree.  Id.

            In the
underlying case, the divorce decree did not specify what funds would be used to
pay the credit card debt or if funds were available to do so.  Without identification of existing funds,
Appellee is not a constructive trustee holding property that rightfully belongs
to Appellant.  Resultantly, Appellee's
obligation to make credit card payments is merely a debt owed to the credit
card companies.  See generally Ex parte Chacon, 607 S.W.2d 317, 319
(Tex.Civ.App.--El Paso 1980, orig. proceeding) (noting that payment of federal
taxes is in the nature of a debt owed the government).  The fact that the obligation was imposed
under the divorce decree does not transform the obligation into one enforceable
by contempt.  In re Henry, 154 S.W.3d at 597-98. 
We conclude that the imposition of certain credit card obligations on Appellee
in the divorce decree constitutes debts which are unenforceable by confinement
for contempt.  See Ex parte Chacon, 607 S.W.2d at 319 (a judgment which provides
for the payment of money to be earned in the future, rather than directing
payment of money found by the court to be in existence, is not enforceable by
contempt).

            Appellant
also sought a money judgment from Appellee for the unpaid balances on the
credit cards.  Notwithstanding that the
decree provided for indemnification, Appellant has not demonstrated she paid any
credit card debt imposed on Appellee by the decree.  The debts are an obligation owed to the
credit card companies and not to Appellant. 
See generally Rush v. Montgomery
Ward, 757 S.W.2d 521, 523 (Tex.App.--Houston [14th Dist.] 1988, writ
denied) (recognizing that Texas courts have consistently held that a division
of the community estate may not prejudice the rights of creditors to satisfy a
community debt).  Consequently, Appellant
was not entitled to a money judgment.  

            Appellant
also asserted by her motion for new trial that the trial court's summary
judgment did not dispose of all her claims to enforce the decree.  Although she sought a clarification order in
her petition for enforcement, it was conditioned upon the trial court finding
that if any part of the order sought was not specific enough to be enforced by
contempt, it be clarified.  The trial
court could not have made such a finding because the relief sought by Appellant
is prohibited by Article I, § 18 of the Texas Constitution.  We conclude the trial court did not err in
granting Appellee's motion for summary judgment and overrule Appellant's sole
issue.

            Accordingly,
the trial court's summary judgment is affirmed.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

                                                                                          











[1]
A general assignment of error in granting summary judgment is permitted.  See
Malooly Bros., Inc. v. Napier,
461 S.W.2d 119, 121 (Tex. 1970).





[2]
Article I, § 18
provides "[n]o person shall ever be imprisoned for debt."