

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00064-CV

**IN RE** Sandra Ann **ZARATE**

Original Mandamus Proceeding[1]

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Beth Watkins, Justice

Delivered and Filed: March 13, 2019

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Sandra Zarate, asserts the trial court abused its discretion by holding her in contempt for failure to pay a debt, specifically, a promissory note secured by real property. We agree and conditionally grant the petition for writ of mandamus.

## BACKGROUND

Sandra and her former husband, Sergio Zarate (the real party in interest), divorced in 2005, and the trial court signed an agreed divorce decree on March 31, 2005. Sergio was awarded as his sole and separate property land and a house located at 2137 La Jolla Street, Eagle Pass, Texas. Sandra was awarded as her sole and separate property real property and a house located at 888

---

[1] This proceeding arises out of Cause No. 04-10-20415-MCVAJA, styled *In the Matter of the Marriage of Sandra Ann Zarate and Sergio Rene Zarate*, pending in the 365th Judicial District Court, Maverick County, Texas, the Honorable Amado J. Abascal, III presiding.

Trinity, Eagle Pass, Texas. Both parties were ordered to pay certain debts. One of the debts Sandra was ordered to pay included

> . . . the balance due, including principal, interest, and insurance escrow, on the promissory note executed by Sergio Rene Zarate and Sandra Ann Zarate, in the original principal sum of $89,690.00, dated January 21, 2003, payable to South Texas National Bank, . . . secured by deed of trust on the real property (2137 La Jolla Street) awarded in this decree to the husband . . . .

Sandra does not dispute that she did not immediately pay the balance due on the note, but she made monthly installments for almost three years. In November 2017, Sandra stopped making the payments, and Sergio began making the payments. Sergio filed a petition to enforce the divorce decree in which he alleged Sandra violated the divorce decree by failing to make the payments on the note and asked that she be held in contempt, jailed, and fined.

On June 4, 2018, the trial court signed an Order of Contempt. The order states Sandra "violated a lawful order willingly when she failed and refused to comply with the Final Decree of Divorce by not paying the remaining balance on the real property note owed to Texas National Bank." The trial court ordered Sandra to pay Sergio "the amount of $45,655.52 which is the sum he paid on the real property note that [Sandra] had been previously ordered to pay." The trial court scheduled a show cause hearing for Sandra to present evidence as to why the court "should not order that she be incarcerated until she is no longer in contempt of court."

Sandra appealed the Order of Contempt, and this court dismissed the appeal for lack of jurisdiction. *See Zarate v. Zarate*, 04-18-00669-CV, 2018 WL 6331056, at *1 (Tex. App.—San Antonio Dec. 5, 2018, no pet.) (per curiam) (mem. op.) ("courts of appeals lack appellate jurisdiction over contempt orders"). On January 31, 2019, Sandra filed a petition for writ of mandamus, and Sergio filed a response.

## AVAILABILITY OF MANDAMUS RELIEF

Ordinarily to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Contempt orders that do not involve confinement are not appealable by habeas corpus; therefore, no adequate remedy by appeal exists. *In re Braden*, 483 S.W.3d 659, 662 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) (per curiam). When, as here, the contempt order does not involve confinement, the only possible relief is a writ of mandamus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam). Because Sandra does not have an adequate remedy by appeal, the only remaining question is whether she has shown the trial court abused its discretion.

## CONTEMPT FOR FAILURE TO PAY A DEBT

"As a general rule, a person who willfully disobeys a valid court order is guilty of contempt and subject to imprisonment for a prescribed period and until [she] complies with the order." *Shumate v. Shumate*, 310 S.W.3d 149, 152 (Tex. App.—Amarillo 2010, no pet.). "An order to pay a debt, however, is not generally enforceable through contempt because it violates Article I, § 18 of the Texas Constitution's prohibition against imprisonment for failure to pay a debt." *Id.*

The Texas Constitution provides that "[n]o person shall ever be imprisoned for debt." Tex. Const. art. I, § 18. "A contempt order that violates the Texas Constitution is beyond a court's power and is void." *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding) (per curiam). "Thus, although an order requiring payment of debt may be enforced through legal processes such

as execution or attachment, a contempt order premised on failure to pay a debt is void." *Id.* Further, "[t]he fact that a party to a divorce was ordered to pay an obligation owed to a third-party, as part of the division of the community estate, does not transform that obligation into one enforceable by coercive contempt." *Shumate*, 310 S.W.3d at 152; *see also Henry*, 154 S.W.3d at 597 (holding same regarding obligation to pay past-due property taxes).

Here, Sandra's obligation to make payments on the promissory note is contained in a section of the divorce decree addressing the division of the marital estate, specifically, debts to the wife, and the payments are required "as a part of the division of the estate of the parties." Consequently, Sandra's obligation to make payments on the note is a debt owed to Texas National Bank. *See Henry*, 154 S.W.3d at 597; *Whitt v. Whitt*, 684 S.W.2d 731, 735 (Tex. App.—Houston [14th Dist.] 1984, no writ) (holding same regarding obligation to make installment payments on home mortgage); *Ex parte Chacon*, 607 S.W.2d 317, 318-19 (Tex. Civ. App.—El Paso 1980, orig. proceeding) (holding same regarding obligation to pay past due income taxes to the federal government). The fact that the payments were imposed as part of the division of community property does not in itself transform the obligation into one enforceable by coercive contempt. *Henry*, 154 S.W.3d at 597 (obligation under decree to pay property taxes); *Shumate*, 310 S.W.3d at 153 (holding same regarding obligation to make payments to credit card companies); *In re White*, 12-08-00214-CV, 2009 WL 1153396, at *3 (Tex. App.—Tyler Apr. 30, 2009, orig. proceeding) (mem. op) (holding same regarding obligation to make payments to Chrysler Financial on a Ford truck).

In his response to the petition for writ of mandamus, Sergio contends Sandra was held in contempt for her refusal to comply with the trial court's order that she indemnify him, not for her failure to pay a debt to a third party. Sergio attempts to distinguish the above cases by arguing there is a difference between a debt owed by a former spouse to a third party creditor under an

installment agreement and an obligation to comply with an indemnification obligation owed to a former spouse as set forth in a divorce decree. Sergio asserts an obligation that is a legal duty arising out of the status of the parties, as opposed to a debt, may be enforced through the trial court's contempt powers without violating the constitutional prohibition against imprisonment for debt. According to Sergio, Sandra owed the legal duty to indemnify him based on the divorce decree, which was an obligation that he contends arose from the status of the parties.

The divorce decree provides for indemnification in two provisions. However, in his motion to enforce the divorce decree, Sergio asked the trial court to hold Sandra in contempt for failing to make payments on the promissory note as described in the divorce decree. He did not seek an equitable lien or a judgment for damages under the indemnity provisions, assert the right to seek indemnification had arisen under the terms of the divorce decree, or otherwise ask for enforcement of the indemnity provisions.

Although the court found Sergio made payments from November 19, 2007 to December 20, 2016 on the note, the trial court did not find that, pursuant to the divorce decree, Sandra was obligated to indemnify Sergio and hold him harmless, and it did not hold her in contempt for failing to indemnify Sergio. Instead, the court found Sandra was obligated to pay the promissory note balance and she stopped making the payments as of November 19, 2007. The Order of Contempt clearly and unambiguously states Sandra "violated a lawful order willingly when she failed and refused to comply with the Final Decree of Divorce *by not paying the remaining balance on the real property note owed to Texas National Bank*." [Emphasis added.]

Because we conclude Sandra's obligation to make payments on the promissory note as ordered in the divorce decree is a debt, the obligation is not enforceable by contempt. Therefore, the trial court's June 4, 2018 Order of Contempt is void. Accordingly, we conditionally grant Sandra's petition for writ of mandamus and direct the trial court to vacate its June 4, 2018 Order

of Contempt.  The writ will issue only in the event the trial court fails to comply within fifteen days from the date of this opinion.

Sandee Bryan Marion, Chief Justice